OPINION
{¶ 1} Defendant-appellant, Timothy J. Parrett, appeals the sentence imposed by the Fayette County Court of Common Pleas after appellant pled guilty to four fifth-degree felony counts of theft.
 {¶ 2} In two separate indictments, appellant was charged with two counts each of theft in violation of R.C. 2913.02(A)-(2). Appellant pled guilty and the state recommended the imposition sition of community control sanctions. The trial court sentenced appellant, who had never served a prison term, to five years of community control on two counts of theft, and ordered concurrent nine-month terms of imprisonment on the remaining two counts.
 {¶ 3} On appeal, appellant presents six assignments of error for review.
 {¶ 4} The first assignment of error claims the trial court erred in accepting appellant's plea when it failed to advise appellant of possible penalties for violation of post-release control.
 {¶ 5} At the sentencing hearing, the trial court advised appellant that "when released from prison you may be subject to control by the authorities which is sometimes referred to as parole. If you violate their rules, you may be further imprisoned."
 {¶ 6} R.C. 2929.19(B)(3) requires a trial court, when imposing a prison term for a fifth-degree felony, to advise the defendant that the sentence could include post-release control, and that the defendant could be returned to prison and the additional time of imprisonment that the defendant could face for violating post-release control.
 {¶ 7} The state contends that the trial court did not err in failing to so advise appellant, citing this court's decision in State v.O'Connor, Butler App. No. CA2001-08-195, 2002-Ohio-4122. O'Connor
mandates that the accused must demonstrate prejudice in the failure to inform him of the possibility of post-release control supervision before a plea may be rendered involuntary.
 {¶ 8} Although we find no demonstration of prejudice in the case at bar that would render appellant's plea involuntary under O'Connor, we nevertheless conclude that appellant's sentence must be vacated and this cause remanded for resentencing. The Ohio Supreme Court recently held that under R.C. 2929.19(B)(3), a trial court must notify the offender about post-release control at a sentencing hearing. State v. Jordan,104 Ohio St.3d 21, 2004-Ohio-6085. The failure to so notify the accused at the sentencing hearing requires the sentence to be vacated and the matter remanded for resentencing. See State v. Finger, 104 Ohio St.3d 157,2004-Ohio-6390, citing State v. Jordan.
 {¶ 9} Because the trial court failed to advise appellant that a violation of his post-release control could result in additional incarceration for up to one-half of his stated prison term, we conclude that the trial court erred in sentencing appellant and that the matter must be remanded for resentencing. See Jordan at ¶ 27. For these reasons, appellant's first assignment of error is sustained to the extent that the sentence, but not the plea, is vacated.
 {¶ 10} In his remaining five assignments of error, appellant claims that the trial court erred by imposing a prison term without making necessary findings that: appellant was not amenable to community control; a prison term was consistent with the principles and purposes of sentencing; the court should not have imposed more than the minimum prison term for a fifth-degree felony; and the trial court failed to make a necessary finding under R.C. 2929.13(B)(1) before imposing sentence.
 {¶ 11} The state concedes that appellant's case must be remanded to the trial court for resentencing under the remaining assignments of error. We agree that the trial court failed to fully comply with the applicable statutory and case law provisions when imposing appellant's sentence. See State v. Jordan at ¶ 9. Thus, the second, third, fourth, fifth and sixth assignments of error are sustained.
 {¶ 12} Having determined that the trial court erred in its imposition of sentence, we accordingly reverse appellant's sentence and remand this case to the trial court for resentencing.
Powell, P.J., and Valen, J., concur.
Valen, J., retired, of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution.