DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Ernie Blankenship, appeals from an order of the Lorain County Court of Common Pleas modifying his sentence. We affirm.
 I. {¶ 2} On January 5, 2000, Appellant pled guilty to five counts of gross sexual imposition, felonies of the third degree, in violation of R.C. 2907.05(A)(4); three counts of gross sexual imposition, felonies of the fourth degree, in violation of R.C. 2907.05(A)(1); four counts of rape, felonies of the first degree, in violation of R.C.2907.02(A)(1)(b); and two counts of compelling prostitution, felonies of the third degree, in violation of R.C. 2907.21(A)(2). Appellant was sentenced to an aggregate term of six years in prison on March 16, 2000. However, the trial court failed to sentence Appellant to post-release control, as required by R.C. 2967.28(B), although the form that Appellant completed when he entered his guilty plea advised him that sex offenses and first degree felonies carried a mandatory post-release control term.
 {¶ 3} On March 3, 2006, seven days before Appellant's scheduled release date, Appellant was brought before the Court for a resentencing proceeding. Appellant was again sentenced to an aggregate prison term of six years, with credit given for time served, and was properly advised that he would be subject to mandatory post-release control. Appellant timely appealed, raising one assignment of error for our review.
 II. Assignment of Error
"THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT RESENTENCED MR. BLANKENSHIP SIX YEARS AFTER THE TIME FOR APPEAL HAD RUN."
 {¶ 4} Appellant argues that Appellee should have filed a direct appeal from the original erroneous sentencing order immediately after that order was entered, and that the trial court therefore abused its discretion in resentencing Appellant just one week before the conclusion of his prison term. An abuse of discretion is more than an error of law or judgment, but rather, it is a finding that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. Under this standard of review, an appellate court may not merely substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 5} Appellant cites Hernandez v. Kelly, 108 Ohio St.3d 395,2006-Ohio-126, at ¶ 28-29, for the proposition that a defendant must be made aware of a postrelease control sentence at the time of the original sentencing. In Hernandez, the trial court failed to impose post-release control at sentencing, as it was required to do under R.C. 2967.28(B). Id. at ¶ 4. After the defendant completed his sentence, the Adult Parole Authority placed the defendant on post-release control even though the trial court had failed to address it in the sentencing order. Id. at ¶ 5. Several months later, the defendant was found to have violated several terms of the post-release control, and the Adult Parole Authority held a hearing and imposed an additional prison sentence. Id. at ¶ 6. The Supreme Court of Ohio held that the Adult Parole Authority could not impose post-release control where the trial court failed to include such a provision in the sentence, even where R.C. 2967.28
imposed a mandatory post-release control period for the offense. Id. at ¶ 16. Furthermore, because the defendant had been released from prison and had committed a violation of his post-release control before he received notice that he was on post-release control, the case could not be remanded for sentencing. Id. at ¶ 30.
 {¶ 6} A trial court has the authority to correct void sentencing orders, however, such as where the court has disregarded statutory requirements in imposing a sentence. State v. Ramey,136 Ohio Misc.2d 24, 2006-Ohio-885, at ¶ 8, quoting State v. Beasley (1984),14 Ohio St.3d 74, 75. Thus, where the defendant remains incarcerated, if the trial court failed to impose a mandatory post-release control provision at the time of the original sentencing, the court must resentence the defendant. State v. Apple-Wright, 9th Dist. No. 06CA008865,2006-Ohio-5805, at ¶ 21; see, also, State v. Brooks, 103 Ohio St.3d 134,2004-Ohio-4746, at ¶ 33; State v. Jordan, 104 Ohio St.3d 21,2004-Ohio-6085, at ¶ 17. In the present case, even though Appellant was near the end of his prison term when the corrected sentence was imposed, Appellant had not been released at that point and therefore had not violated any terms of post-release control.
 {¶ 7} Post-release control for a period of five years is mandatory, not discretionary, for first degree felonies and sex offenses. R.C.2967.28(B). Consequently, the trial court did not abuse its discretion in correcting the void sentence. The original sentence, which omitted the post-release control provision, was contrary to law, and it was proper for the trial court to resentence Appellant and advise him that he would be subject to post-release control. See Apple-Wright at ¶ 21, citing Jordan at ¶ 23. Appellant's sole assignment of error is overruled.
 III. {¶ 8} Appellant's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
EDNA J. BOYLE FOR THE COURT
SLABY, P. J. CARR, J. CONCUR