DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant-Appellant Harry Zeisig, Jr. has appealed from his sentence in the Summit County Court of Common Pleas. This Court affirms.
 I {¶ 2} On July 16, 2004, Appellant pled guilty to felonious assault and domestic violence. On August 23, 2004, the trial court sentenced him to an aggregate term of two years in prison. On March 29, 2006, Appellant filed a motion seeking to vacate his post-release control. In his motion, Appellant asserted that the trial court had not informed him at his sentencing hearing of post-release control and therefore that term of his sentence could not be imposed. The State agreed that the trial court had not properly imposed the post-release control term of Appellant's sentence and requested that he be resentenced. On May 2, 2006, one week prior to the completion of his prison term, the trial court held Appellant's re-sentencing hearing, over Appellant's objections. The trial court then issued the same sentence it had previously and properly informed Appellant of his post-release control. Appellant has timely appealed his resentencing, raising one assignment of error for review.
 II Assignment of Error "THE TRIAL COURT ERRED BY CONDUCTING A RE-SENTENCING HEARING WHEREIN THE DEFENDANT'S SENTENCE WAS AMENDED TO INCLUDE A TERM OF POST-RELEASE CONTROL, WHEN THE TRIAL COURT FAILED TO NOTIFY THE DEFENDANT OF POST-RELEASE CONTROL AT THE ORIGINAL SENTENCING HEARING."
 {¶ 3} In his sole assignment of error, Appellant has argued that the trial court erred in resentencing him. Specifically, Appellant has asserted that the trial court lacked the authority to resentence him. We disagree.
 {¶ 4} The claim raised by Appellant herein has been expressly rejected by this Court and the Ohio Supreme Court. See State v. Blankenship, 9th Dist. No. 06CA008899, 2006-Ohio-6475; State ex rel. Cruzado v.Zaleski, 111 Ohio St.3d 353, 2006-Ohio-5795. In Blankenship, we held that the trial court had the authority to correct a void sentence when the defendant had not yet completed his prison term.Blankenship at ¶ 6. Our reasoning echoed the holding of the Ohio Supreme Court in Cruzado in which the Court stated:
 "Because [the defendant's] sentence had not yet been completed when he was resentenced, [the trial court] was authorized to correct the invalid sentence to include the appropriate, mandatory postrelease-control term." Cruzado at ¶ 28.
Additionally, the Cruzado Court noted that the General Assembly expressly authorized the trial court to hold such a resentencing when it amended R.C. Chapter 29, stating:
 "For those cases in which an offender was sentenced before the July 11, 2006 amendment and was not notified of mandatory postrelease control or in which there was not a statement regarding postrelease control in the court's journal or sentence, R.C. 2929.191 authorizes the sentencing court — before the offender is released from prison-to `prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under section 2967.28
of the Revised Code after the offender leaves prison.'" Id. at ¶ 29, quoting R.C. 2929.191.
 {¶ 5} In the instant matter, it is undisputed that Appellant had not completed his prison term at the time of his sentencing and that Appellant's sentence was void because the trial court failed to inform him of post-release control during his sentencing hearing. See State v.Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, at ¶ 17. In addition, Appellant was sentenced before July 11, 2006. Accordingly, the trial court was within its authority to resentence Appellant to include the mandatory post-release control terms of his sentence. Cruzado at ¶ 28; R.C. 2919.191. Appellant's sole assignment of error lacks merit.
 III {¶ 6} Appellant's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
SLABY, P. J. BAIRD, J. CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)