DECISION. *Page 2 
{¶ 1} Defendant-appellant, Walter Bankhead, was originally convicted of robbery under R.C. 2911.02. On January 22, 1999, he was sentenced to serve eight years in prison. At the sentencing hearing, the court did not inform him that he was subject to mandatory post-release control under former R.C. 2929.19(B)(3) and R.C. 2967.28. Bankhead filed an appeal in which he did not raise the issue of post-release control. We affirmed his conviction,[1] and the Ohio Supreme Court dismissed Bankhead's appeal as not involving any substantial constitutional question.[2]
 {¶ 2} On May 30, 2006, about a week before Bankhead's sentence was to expire, the trial court ordered him returned for a new hearing to advise him about post-release control. Although Bankhead objected, the trial court conducted the hearing. But at the hearing, the court only informed Bankhead about post-release control; it did not conduct another sentencing hearing. The trial court journalized an entry on June 1, 2006, in which it again imposed the eight-year sentence. The entry also contained information about post-release control. This appeal followed.
 {¶ 3} In his sole assignment of error, Bankhead states that the trial court erred by sua sponte holding a hearing to notify him of post-release-control sanctions when it had failed to notify him at the initial sentencing hearing. He argues that the trial court did not have jurisdiction to modify his sentence once his term of imprisonment had begun. This assignment of error is not well taken. *Page 3 
 {¶ 4} As a general rule, the trial courts lack jurisdiction to reconsider their own valid final judgments in criminal cases.[3]
Consequently, the trial court does not have jurisdiction to modify a sentence of imprisonment once imprisonment has begun.[4]
 {¶ 5} Two exceptions to this rule exist. The exception pertinent to this case is that a trial court may correct a void sentence.[5] Any attempt by a court to disregard statutory requirements renders the attempted sentence void.[6] "[W]here a sentence is void because it does not contain a statutorily mandated term, the proper remedy is * * * to resentence the defendant."[7]
 {¶ 6} Since the trial court in this case failed to inform Bankhead at the original sentencing hearing about post-release control as required by R.C. 2929.19(B)(3), the sentence was void and the trial court could properly have resentenced Bankhead.[8] Bankhead relies uponHernandez v. Kelly[9] for the proposition that "if an offender has already served his sentence, then there shall be no remand for a new sentencing hearing." But in Hernandez, the defendant's journalized sentence had already expired, and resentencing was not an option.[10]
The Ohio Supreme Court later stated that if the defendant's sentence has not yet been completed, the trial court can resentence him and correct the "invalid sentence to include the appropriate, mandatory postrelease-control term."[11] *Page 4 
Consequently, as long as the offender has not been released from prison, the trial court retains jurisdiction to resentence the offender.[12]
 {¶ 7} The problem that arises in this case is that the trial court did not actually resentence Bankhead. At the May 30, 2006, hearing, the court only informed Bankhead that he was subject to post-release control. It did not actually hold another sentencing hearing. Under the recent case law, the trial court should have held a sentencing hearing and actually resentenced Bankhead. But if we were to reverse the trial court's decision because it failed to resentence him, this case would involve the same issue as Hernandez because Bankhead's sentence has now expired.
 {¶ 8} We need not reach that issue. The legislature has enacted several statutory provisions specifically meant to supersedeHernandez. They provide that a sentencing court's failure to inform the defendant about post-release control does not prevent the defendant from being placed on post-release supervision.[13]
 {¶ 9} Specifically, R.C. 2929.191(A)(1) states that if, prior to July 11, 2006, "a court imposed a sentence including a prison term of a type described in division (B)(3)(c) of section 2929.19 of the Revised Code and failed to notify the offender pursuant to that division that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include a statement to that effect in the judgment of conviction entered on the journal or in the sentence pursuant to division (F) of section 2929.14 of the Revised Code, at *Page 5 
any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison." Further, R.C.2929.191(C) requires a hearing at which the offender is present and in which "the offender and the prosecuting attorney may make a statement as to whether the court should issue a correction to the judgment of conviction."
 {¶ lO} Bankhead was convicted of a second-degree felony. R.C.2929.19(B)(3)(c), in both its current version and the version in effect at the time of Bankhead's original sentencing, requires the sentencing court to notify any individual convicted of a second-degree felony that the offender will be subject to post-release control under R.C. 2967.28. Therefore, R.C. 2929.191(A)(1) applied to Bankhead. Under the provisions of that statute, the trial court did not have to resentence him. It was required to hold a hearing at which Bankhead was present and to allow him to make a statement. Bankhead was present at the hearing in this case and was allowed to present his objections to the procedure the trial court used. The court then journalized a corrected judgment entry as the statute requires.
 {¶ 11} Further, we note that the legislature has specifically declared that the statutory amendments, including the enactment of R.C. 2929.191, are remedial, not substantive. It has stated that the offenders described in the statutes are always subject to post-release control by operation of law without the need for any prior notification or warning, and that the "clarifying, remedial *Page 6 
amendments" apply to all convicted offenders described in R.C.2929.191(A) "regardless of whether they were sentenced prior to, or are sentenced on or after, the effective date of this act."[14] Thus, the legislature has explicitly provided that the statutes may be applied retroactively, and they have met the threshold test for retroactive application.[15]
 {¶ 12} Further, we hold that the statutes are remedial, and not substantive, and, therefore, may be applied retroactively. In holding that the statutes are remedial, we join other courts that have retroactively applied R.C. 2929.191 to sentences imposed prior to July 11, 2006, the effective date of the statute.[16]
 {¶ 13} The statutory amendments affect only the remedy provided, not the offender's substantive rights. They do not impose new burdens, duties, or obligations related to a past transaction, take away vested rights, or create new rights.[17] Correcting the judgment entry does not prejudice the offender. The court merely gives the offender additional written notice of a legal obligation that is tied to the original conviction before the offender begins post-release control. Nothing extends the duration of imprisonment or of post-release control beyond what was contemplated at the original sentencing.[18]
 {¶ 14} In sum, we hold that the court had jurisdiction under R.C.2929.191(A)(1) to conduct a hearing and to notify Bankhead that he was subject to post-release control. He was, therefore, subject to post-release control upon *Page 7 
his release from prison. We overrule Bankhead's assignment of error and affirm the trial court's judgment.
Judgment affirmed.
SUNDERMANN, P.J., and CUNNINGHAM, J., concur.
[1] State v. Bankhead (Feb. 25, 2000), 1st Dist. No. C-990139.
[2] State v. Bankhead (2001), 91 Ohio St.3d 1482,744 N.E.2d 1195.
[3] State ex rel. Cruzado v. Zeleski, 111 Ohio St.3d 353,2006-Ohio-5795, 856 N.E.2d 263, at ¶ 18.
[4] State v. Garretson (2000), 140 Ohio App.3d 554, 559,748 N.E.2d 560.
[5] Cruzado, supra, at ¶ 19.
[6] Id. at ¶ 20.
[7] State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085,817 N.E.2d 864, at ¶ 23.
[8] Cruzado, supra, at ¶ 21; State v. Zeisig, 9th Dist. No. 23233,2007-Ohio-505, at ¶ 3-5; State v. Rich, 5th Dist. No. 2006 CA 00171,2007-Ohio-362, at ¶ 9-16.
[9] 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301.
[10] Cruzado, supra, at ¶ 27.
[11] Id. at ¶ 28.
[12] Zeisig, supra, at ¶ 5; State v. Ramey, 136 Ohio Misc.2d 24,2006-Ohio-885, 846 N.E.2d 111, at ¶ 14, affirmed by 10th Dist. No. 06AP-245, 2006-Ohio-6429.
[13] Cruzado, supra, at ¶ 29; State v. Fitzgerald, 8th Dist. No. 86443, 2006-Ohio-6575, at ¶ 42-43; State v. Baker, 1st Dist. No. C-050791, 2006-Ohio-4902, at ¶ 7, fn.5.
[14] Section 5(B), Am. Sub. H.B. No. 137.
[15] See State v. Cook, 83 Ohio St.3d 404, 410-411, 1998-Ohio-291,700 N.E.2d 570; Fitzgerald, supra, at ¶ 42-43.
[16] State v. Williams, 12th Dist. No. CA2006-04-014, 2007-Ohio-685, at ¶ 9; Zeisig, supra, at ¶ 5; Fitzgerald, supra, at ¶ 42-43. See, also,Cruzado, supra, at ¶ 29.
[17] See Cook, supra, at 410-411.
[18] See Ramey, supra, at ¶ 17. *Page 1