OPINION
{¶ 1} Pro se defendant-appellant, Ransom Staley, appeals the judgment of the Madison County Court of Common Pleas which issued a nunc pro tunc entry adding postrelease control to his sentence.
 {¶ 2} Appellant was convicted in 1986 of felonious assault and sentenced to an indeterminate prison term of seven to 15 years. He was eventually placed at the Madison Correctional Institution in November 1998. In January 1999, appellant walked away from a *Page 2 
prison related job, but was apprehended in Nevada in February 1999. Appellant was subsequently indicted on one count of escape, a felony of the second degree. He was sentenced to eight years in prison by entry dated May 3, 1999. It is undisputed that the trial court failed to notify appellant, both at the sentencing hearing and in its sentencing entry, that he would be subject to post-release control upon release from prison. Appellant appealed his conviction but not his sentence. The state did not appeal appellant's sentence. We upheld appellant's conviction. State v. Staley (May 8, 2000), Madison App. No. CA99-08-019.
 {¶ 3} In 2006, prior to the expiration of appellant's eight-year prison term for escape, the state moved the trial court for a hearing to resentence appellant to include post-release control. On September 22, 2006, appellant appeared before the trial court at which time the court advised appellant that he would be subject to a mandatory three years of post-release control. The trial court did not explain the requirements of post-release control or advise appellant of the possible penalties for violating post-release control. By nunc pro tunc entry filed October 2, 2006, the trial court sentenced appellant to a mandatory three-year post-release control. The nunc pro tunc entry does explain the requirements of post-release control, including the possible penalties for violating post-release control. This appeal follows, in which appellant raises four assignments of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE TRIAL COURT ERRED TO PREJUDICE RESENTENCING APPELLANT RANSOM STALEY APPELLANTS SENTENCE CANNOT BE CORRECTED BY ENTERING A NUNC PRO TUNC HEARING ORDER AFTER THE SENTENCE HAS BEEN COMMENCED 7 AND HALF YEARS." [SIC]
 {¶ 6} Assignment of Error No. 2:
 {¶ 7} "THE DOCTRINE OF RES JUDICATA BARS SUBJECT ACTION BASED *Page 3 
UPON ANY CLAIM ARISING OUT OF THE TRANSACTION OR OCCURRENCE THAT WAS THE SUBJECT MATTER OF A PREVIOUS ACTION DECIDED ON THE MERITS IN THIS CASE THE PREVIOUS ACTION WAS A SENTENCING HEARING THAT HAPPEN MAY 3, 2006." [SIC]
 {¶ 8} Assignment of Error No. 3:
 {¶ 9} "THE FIFTH AMENDMENTS DOUBLE JEOPARDY CLAUSE PRECLUDES SUCCESSIVE PROSECUTION AND SUCCESSIVE PUNISHMENTS FOR THE SAME CRIMINAL OFFENSE COMMENCED U.S.C.A. CONST AMEND, 5, AND 14." [SIC]
 {¶ 10} In his first three assignments of error, appellant argues that the trial court erred by resentencing him to a term of mandatory post-release control. Appellant argues that (1) because the trial court failed to impose post-release control in 1999, it could not do so through a nunc pro tunc entry at a later date; (2) the trial court's after-the-fact resentencing violated his double jeopardy rights under the Ohio and United States Constitutions by increasing his sentence after it had become final; and (3) because the state failed to appeal the trial court's failure to provide the requisite post-release control notice in 1999, the doctrine of res judicata bars relief through a resentencing hearing and entry.
 {¶ 11} It is true that "trial courts lack authority to reconsider their own valid final judgments in criminal cases." State ex rel.Cruzado v. Zaleski, 111 Ohio St.3d 353, 2006-Ohio-5795, ¶ 18. Once a sentence has been executed, a trial court loses jurisdiction to amend or modify the sentence. See State v. Garretson (2000), 140 Ohio App.3d 554. Execution of a sentence "begins when the defendant is delivered to the institution where the sentence is to be served." State v. Phillips, Logan App. No. 8-06-14, 2007-Ohio-686, ¶ 20.
 {¶ 12} "It is equally true, however, that this general rule is subject to two exceptions under which the trial court retains continuing jurisdiction." Cruzado at ¶ 19. First, a trial court retains jurisdiction to correct a void sentence. Id. Second, a trial court retains jurisdiction to *Page 4 
correct clerical errors in judgments. Id. "The term `clerical mistake' refers to a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment. * * * Although courts possess inherent authority to correct clerical errors in judgment entries so that the record speaks for the truth, `nunc pro tunc entries' are limited in proper use to reflecting what the court decided, not what the court might or should have decided." Id.
 {¶ 13} The Ohio Supreme Court unequivocally held that a trial court's failure to properly notify a defendant about post-release control renders the sentence void, State v. Jordan, 104 Ohio St.3d 21,2004-Ohio-6085, ¶ 25, and therefore, falls under the first exception.Cruzado, 111 Ohio St.3d at ¶ 20. Specifically, the supreme court held that under R.C. 2929.19(B) (which governs sentencing hearings), when sentencing a felony offender to a prison term, a trial court is "duty-bound" to notify that offender at the sentencing hearing about post-release control and to incorporate post-release control in its sentencing entry. A sentence imposed without such notification is contrary to law. Where a sentence is void because it does not contain a statutorily mandated term, the proper remedy is to resentence the defendant. Jordan at ¶ 22-23. However, a trial court may only resentence an offender to give the required post-release control if the offender's sentence has not yet expired. Hernandez v. Kelly, 108 Ohio St.3d 395,2006-Ohio-126, ¶ 31-32; see, also, State v. Bristow, Lucas App. No. L-06-1230, 2007-Ohio-1864 (although the defendant was still incarcerated on another conviction, he was no longer being held in prison for the assault conviction, and therefore the trial court had no authority to correct the initial judgment entry for assault to impose post-release control).
 {¶ 14} In the case at bar, the trial court failed to notify appellant in 1999, both at the sentencing hearing and in its sentencing entry, that he would be subject to post-release control upon release from prison. As a result, appellant's 1999 sentence for escape was *Page 5 
void. Appellant was brought before the trial court in 2006 prior to the completion of his eight-year prison term, that is, while he was still incarcerated on the escape conviction. The trial court then sentenced appellant to three years of post-release control. In light ofJordan, Cruzado, and Hernandez, we find that the trial court had jurisdiction and was authorized to correct the sentence to include post-release control.
 {¶ 15} Appellant's argument that the trial court's after-the-fact imposition of post-release control constituted double jeopardy was rejected by the supreme court in Jordan: "Jeopardy did not attach to the void sentence, and therefore, the court's imposition of the correct sentence did not constitute double jeopardy." Jordan, 104 Ohio St.3d at ¶ 25. See, also, State v. Rich, Stark App. No. 2006 CA 00171,2007-Ohio-362 (an invalid sentence for which there is no statutory authority is a circumstance under which there can be no expectation of finality to trigger the protections of the Double Jeopardy Clause; because jeopardy did not attach to the void sentence, the trial court did not violate defendant's constitutional guarantee against double jeopardy in later correcting the sentence); State v. Sharpless, Portage App. No. 2006-P-0088, 2007-Ohio-1922.
 {¶ 16} Likewise, Ohio courts have rejected appellant's argument that his 1999 sentence is res judicata because the state failed to raise the issue of post-release control on direct appeal. See Sharpless (the Ohio Supreme Court recognizes an exception to the doctrine of res judicata to correct an invalid sentence); State v. Balderson, Stark App. No. 2006-CA-00226, 2007-Ohio-2463; and Phillips, Logan App. No. 8-06-14.
 {¶ 17} While the trial court was within its authority to correct appellant's sentence to impose post-release control, it is not clear whether the trial court did actually resentence appellant pursuant toJordan (which holds that when a trial court fails to notify an offender about post-release control, the sentence must be vacated and the matter remanded for resentencing). At the September 22, 2006 hearing, the trial court wondered whether *Page 6 
resentence under Jordan was "resentence on everything or resentence just on the postrelease control[.]" Upon listening to the state's arguments and appellant's objections, the trial court then stated:
 {¶ 18} "It is the judgment of the Court you be sentenced to eight years consecutive to your present term of confinement, taxed the cost, sentenced to three years postrelease control, mandatory. I don't know that it's anything other than superfluous to reimpose the sentence, but it's consecutive to his present term of confinement. I'm only restating it to affirm the fact that that's what the sentence was that was previously imposed. So all we're doing is adding to the journal entry now, three years postrelease control, mandatory."
 {¶ 19} The trial court did not actually hold another sentencing hearing. As the First Appellate District noted in a similar case, "[u]nder the recent case law, the trial court should have held a sentencing hearing and actually resentenced [appellant]." State v.Bankhead, Hamilton App. No. C-060480, 2007-Ohio-1314, ¶ 7.
 {¶ 20} However, the legislature enacted R.C. 2929.191, effective July 11, 2006. This provision provides in pertinent part:
 {¶ 21} "(A)(1) If, prior to the effective date of this section, a court imposed a sentence including a prison term of a type described in [R.C. 2929.19(B)(3)(c)] and failed to notify the offender pursuant to that division that the offender will be supervised under [R.C. 2967.28] after the offender leaves prison or to include a statement to that effect in the judgment of conviction entered on the journal or in the sentence pursuant to [R.C. 2929.14(F)(1)], at any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under [R.C. 2967.28] after the offender leaves prison. *Page 7 
 {¶ 22} "* * *
 {¶ 23} "(2) If a court prepares and issues a correction to a judgment of conviction as described in division (A)(1) of this section before the offender is released from imprisonment under the prison term the court imposed prior to the effective date of this section, the court shall place upon the journal of the court an entry nunc pro tunc to record the correction to the judgment of conviction and shall provide a copy of the entry to the offender[.] * * * The court's placement upon the journal of the entry nunc pro tunc before the offender is released from imprisonment under the term shall be considered, and shall have the same effect, as if the court at the time of the original sentencing had included the statement in the sentence and the judgment of conviction entered on the journal and had notified the offender that the offender will be so supervised[.]"
 {¶ 24} Appellant was convicted of escape, a second-degree felony. As its plain wording indicates, the procedure set forth in R.C. 2929.191(A) applies only if the offender has received a sentence described in R.C.2929.19(B)(3)(c). That statutory provision, in turn, requires a sentencing court to notify any person convicted of a second-degree felony that he will be subject to post-release control under R.C.2967.28. Thus, R.C. 2929.191(A) applied to appellant. Under the provisions of that statute, the trial court was not required to hold a resentencing hearing. Rather, it was simply required to hold a hearing at which appellant was present and to allow him to make a statement.
 {¶ 25} In the case at bar, appellant was present at the September 22, 2006 hearing and was allowed to present his objections to the procedure used by the trial court. The court then journalized a nunc pro tunc entry correcting the 1999 sentencing entry as R.C. 2929.191 requires. The trial court was therefore within its authority under R.C. 2929.191
to hold the September 22, 2006 hearing and to sentence appellant to a mandatory three-year post-release control in its October 2, 2006 nunc pro tunc entry. Bankhead, Hamilton App. No. C-060480, *Page 8 
¶ 10.
 {¶ 26} With regard to R.C. 2929.191, the First Appellate District further stated that "the legislature has specifically declared that the statutory amendments, including the enactment of R.C. 2929.191, are remedial, not substantive. It has stated that the offenders described in the statutes are always subject to post-release control by operation of law without the need for any prior notification or warning, and that the `clarifying, remedial amendments' apply to all convicted offenders described in R.C. 2929.191(A) `regardless of whether they were sentenced on or after, the effective date of this act.' Thus, the legislature has explicitly provided that the statutes may be applied retroactively, and they have met the threshold test for retroactive application.
 {¶ 27} "* * *
 {¶ 28} "The statutory amendments affect only the remedy provided, not the offender's substantive rights. They do not impose new burdens, duties, or obligations related to a past transaction, take away vested rights, or create new rights. Correcting the judgment entry does not prejudice the offender. The court merely gives the offender additional written notice of a legal obligation that is tied to the original conviction before the offender begins post-release control. Nothing extends the duration of imprisonment or of post-release control beyond what was contemplated at the original sentencing." Bankhead at ¶ 11, 13. See, also, State v. Mastin, Stark App. No. 2006CA00262, 2007-Ohio-2547
(rejecting on the basis of Cruzado the defendant's argument that R.C.2929.191 is unconstitutional).
 {¶ 29} Notwithstanding all of the foregoing, we find that we must nevertheless reverse appellant's sentence for the following reason. Although the trial court notified appellant at the 2006 hearing that he would be subject to a mandatory three-year post-release control upon release from prison, and although the trial court incorporated that notice and the requirements of post-release control, including the possible penalties for violating postrelease *Page 9 
control, in its nunc pro tunc entry, the court failed to advise appellant of the post-release control requirements and penalties at the 2006 hearing.
 {¶ 30} In State v. Parrett, Fayette App. No. CA2004-09-016,2005-Ohio-557, we reversed a sentence and remanded the case for resentencing on the ground that the trial court had failed to advise Parrett that a violation of his post-release control could result in additional incarceration, in violation of Jordan. Parrett at ¶ 9. Because the trial court in the case at bar failed to advise appellant at the 2006 hearing of the post-release control requirements and that a violation of his post-release control could result in additional incarceration for up to one-half of his stated prison term, we conclude that the trial court erred in its imposition of sentence. Id. For this reason and this reason only, appellant's first assignment of error is sustained. Appellant's second and third assignments of error are overruled.
 {¶ 31} Assignment of Error No. 4:
 {¶ 32} "THE TRIAL COURT ERRED IN FAILING TO WAIVE COURT COST WHERE DEFENDANT FILED AN AFFIDAVIT OF INDENGENCY."
 {¶ 33} Appellant argues that in light of his affidavit of indigency and the fact he paid court costs as ordered in the 1999 sentencing entry, it was error for the trial court to charge court costs in its nunc pro tunc entry. Both the 1999 sentencing entry and the 2006 nunc pro tunc entry state "Cost taxed to defendant for which execution is awarded." The state argues that because a nunc pro tunc entry is simply "a corrected entry [which] restates the original terms plus whatever corrections were made[,] * * * the inclusion of the costs was simply a restatement of the original entry." However, the record indicates that in October 2006, court costs of $162.28 were assessed and a statement was sent to the correctional institution where appellant currently resides.
 {¶ 34} In State v. White, 103 Ohio St.3d 580, 2004-Ohio-5989, the Ohio Supreme *Page 10 
Court was asked to determine whether a trial court may assess court costs as part of the sentence against an indigent defendant convicted of a felony. The supreme court held that "R.C. 2947.23 requires a judge to assess costs against all convicted criminal defendants, and waiver of costs is permitted — but not required — if the defendant is indigent." Id. at ¶ 14. The supreme court further held that "a clerk of court may attempt the collection of court costs assessed against an indigent defendant." Id. at ¶ 15.
 {¶ 35} Two years later, the court reiterated its White holding inState v. Threatt, 108 Ohio St.3d 277, 2006-Ohio-905, ¶ 10, 23. The supreme court also explained that an indigent defendant is not sheltered from burdens such as court costs, and that "although costs in criminal cases are assessed at sentencing and are included in the sentencing entry, costs are not punishments, but are more akin to a civil judgment for money." Id. at ¶ 14-15. The court further held that "[c]osts are assessed at sentencing and must be included in the sentencing entry. Therefore, an indigent defendant must move a trial court to waive payment of costs at the time of sentencing. If the defendant makes such a motion, then the issue is preserved for appeal and will be reviewed under an abuse-of-discretion standard. Otherwise, the issue is waived and costs are res judicata." Id. at ¶ 23.
 {¶ 36} In the case at bar, appellant appeared before the trial court on September 22, 2006 at which time the trial court advised appellant he would be subject to post-release control. Appellant, who was then represented by an attorney, did not move the court to waive payment of costs at the time of sentencing. The issue is therefore waived and the court costs of $162.28 are res judicata. Threatt at ¶ 23. Appellant's fourth assignment is accordingly overruled. See Threatt andWhite.
 {¶ 37} Having determined that the trial court erred in its imposition of sentence, we reverse the trial court's nunc pro tunc entry and remand this case for the trial court to conduct either a sentencing hearing under Jordan or a hearing pursuant to R.C. 2929.191. On *Page 11 
remand, whether the trial court holds a hearing pursuant toJordan or R.C. 2929.191, the trial court must (1) at the hearing, advise appellant that he will be subject to post-release control and advise appellant of the post-release control requirement, including the possible penalties for violating post-release control, and (2) incorporate the notice of post-release control, and the post-release control requirement and penalties in its entry.
 {¶ 38} Judgment affirmed in part, reversed in part, and cause remanded.
 WALSH and POWELL, JJ., concur. *Page 1