OPINION
{¶ 1} Defendant-appellant, Dedric Burton, appeals his sentence in the Madison County Court of Common Pleas for assault on a corrections officer.
 {¶ 2} On April 22, 2002, while incarcerated at the Madison County Correctional Institution, appellant followed Corrections Officer David Smith into a storage room and struck Smith in the face with his fist. After a jury trial, appellant was convicted of assault on a corrections officer in violation of R.C. 2903.13(A), which is a felony of the fifth degree *Page 2 
pursuant to 2903.13(C)(2)(a). On May 15, 2006, the state filed a motion requesting that the court resentence appellant as the original sentencing entry filed on July 22, 2003 failed to impose a term of post-release control.
 {¶ 3} The trial court held a hearing on June 9, 2006, and resentenced appellant on June 14, 2006. At that time, the trial court imposed an optional three-year period of post-release control. Appellant appeals his sentence, raising two assignments of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE TRIAL COURT LACKED JURISDICTION TO MODIFY BURTON'S SENTENCE."
 {¶ 6} In his first assignment of error, appellant argues that once he was in custody of the Ohio Department of Corrections, the trial court lost jurisdiction to modify his sentence. We disagree.
 {¶ 7} In general, trial courts lack authority to reconsider their own valid final judgments in criminal cases. State ex rel. White v.Junkin (1997), 80 Ohio St.3d 335, 338, 1997-Ohio-340. "[H]owever, * * * this general rule is subject to two exceptions under which the trial court retains continuing jurisdiction. First, a trial court is authorized to correct a void sentence. Second, a trial court can correct clerical errors in judgments." (Internal citations omitted.) State exrel. Cruzado v. Zaleski, 111 Ohio St.3d 353, 2006-Ohio-5795, ¶ 19.
 {¶ 8} R.C. 2929.19(B)(3)(d) provides in part:
 {¶ 9} "[I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall * * * [n]otify the offender that the offender may be supervised under [R.C.2967.28] after the offender leaves prison if the offender is being sentenced for a felony of the * * * fifth degree that is not subject to [R.C. 2929.19(B)(3)(c)]."
 {¶ 10} In addition, while not in effect at the time appellant was resentenced, R.C. 2929.19(B)(3)(d) also provides, "[R.C. 2929.191] applies if, prior to July 11, 2006, a court *Page 3 
imposed a sentence including a prison term of a type described in division (B)(3)(d) of this section and failed to notify the offender pursuant to division (B)(3)(d) of this section regarding post-release control or to include in the judgment of conviction entered on the journal or in the sentence a statement regarding post-release control."
 {¶ 11} R.C. 2929.191(A)(1) provides in relevant part:
 {¶ 12} "If, prior to the effective date of this section, a court imposed a sentence including a prison term of a type described in [R.C.2929.19(B)(3)(d)] and failed to notify the offender pursuant to that division that the offender may be supervised under [R.C. 2967.28] after the offender leaves prison or to include a statement to that effect in the judgment of conviction entered on the journal or in the sentence pursuant to [R.C. 2929.14(F)(2)], at any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with [R.C. 2929.191(C)], the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender may be supervised under [R.C. 2967.28]."
 {¶ 13} In State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, ¶ 22, the Ohio Supreme Court held, "if a trial court has decided to impose a prison term upon a felony offender, it is duty-bound to notify that offender at the sentencing hearing about postrelease control and to incorporate postrelease control into its sentencing entry * * *." Further the court held, "the distinction between discretionary and mandatory postrelease control is one without a difference with regard to the duty of the trial court to notify the offender at the sentencing hearing and to incorporate postrelease control notification into its journal entry. See R.C. 2967.28(B) and (C)."
 {¶ 14} "Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." State v. Beasley (1984), 14 Ohio St.3d 74, 75. Further, "where a sentence is void because it does not contain a statutorily *Page 4 
mandated term, the proper remedy is * * * to resentence the defendant."Jordan, 2004-Ohio-6085, ¶ 23. However, the trial court may not resentence the defendant if the defendant's sentence has been completed.Hernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126, ¶ 30-32.
 {¶ 15} According to the record, appellant was properly resentenced according to Jordan and Hernandez, and R.C. 2929.191, even though the statute was not enacted until after appellant had been resentenced. Despite appellant's argument to the contrary, appellant's sentence had not been completed at the time of resentencing. Because appellant's sentence was not yet complete, the trial court was authorized to correct a void sentence to include an optional period of post-release control. Appellant's first assignment of error is overruled.
 {¶ 16} Assignment of Error No. 2:
 {¶ 17} "THE TRIAL COURT ERRED BY FAILING TO ADVISE APPELLANT OF THE CONSEQUENCES FOR A VIOLATION OF POST RELEASE CONTROL."
 {¶ 18} In appellant's second assignment of error, he argues that the trial court erred in failing to advise him of the consequences of violating the terms of post-release control. We agree.
 {¶ 19} R.C. 2929.19(B)(3)(e) provides in part:
 {¶ 20} "[I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall * * * [n]otify the offender that, if a period of supervision is imposed following the offender's release from prison, as described in [R.C.2929.19(B)(3)(d)], and if the offender violates that supervision or a condition of post-release control imposed under [R.C. 2967.131(B)], the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender." *Page 5 
 {¶ 21} The state concedes, and the record indicates, that the trial court failed to properly advise appellant of the consequences of violating the terms of post-release control. We find that the trial court erred in sentencing, and that this matter must be remanded for resentencing. See State v. Parrett, Fayette App. No. CA2004-09-016,2005-Ohio-557, ¶ 9, citing Jordan, 2004-Ohio-6085, ¶ 27. Accordingly, appellant's second assignment of error is sustained.
 {¶ 22} Having determined the trial court erred in its imposition of appellant's sentence, we vacate appellant's sentence, and remand this matter for resentencing.
 WALSH and POWELL, JJ., concur. *Page 1