JOURNAL ENTRY AND OPINION
{¶ 1} In this appeal, defendant-appellant Clarence Nicholson presents a second challenge to the sentence originally imposed upon him.
 {¶ 2} Nicholson first appealed his sentence, along with his convictions, in State v. Nicholson, Cuyahoga App. No. 85977,2006-Ohio-1569 ("Nicholson I "). Although this court affirmed his convictions, as to his sentence, at ¶ 55, the case was remanded "[consistent with [State v.] Dawson [, Cuyahoga App. No. 86417,2006-Ohio-1083] and [State v.] Foster [, 109 Ohio St.3d 1,2006-Ohio-856]," and the trial *Page 3 
court was directed to conduct a resentencing hearing with respect to its decision to impose consecutive terms of incarceration for those convictions. The trial court complied.
 {¶ 3} After receiving the same total term as first imposed upon him, Nicholson now claims the portion of his original sentence that ordered him to pay court costs must be vacated. Nicholson asserts that his constitutional rights were violated at the resentencing hearing by both the trial court's failure to reconsider, and his defense attorney's failure to raise the issue of, his indigent status.
 {¶ 4} Upon a review of the record, this court cannot fault either the trial court or the defense attorney for any failure during resentencing to raise an issue that Nicholson himself waived during the original sentencing hearing. His second challenge to his sentence, therefore, is overruled.
 {¶ 5} The record reflects Nicholson originally was indicted in this case on three counts. Counts one and two charged him with aggravated robbery, with one-year and three-year firearm specifications, a repeat violent offender specification, and a notice of prior conviction. Count three charged him with having a weapon while under disability. Nicholson was declared indigent upon his arraignment, and received assigned counsel.
 {¶ 6} During the course of the proceedings, the docket reflects Nicholson requested removal of his appointed defense attorney. The trial court granted his request and appointed new defense counsel. By the time of trial, Nicholson made *Page 4 
yet another request for assigned counsel's removal. The court again granted his request, and permitted Nicholson to proceed with his defense at trial pro se.
 {¶ 7} As set forth in Nicholson I, he was ultimately convicted of two counts of aggravated robbery with firearm specifications, and one count of having a weapon while under disability. On January 13, 2005 the trial court issued a journal entry sentencing Nicholson to serve terms of incarceration as follows: three years on the firearm specifications, prior to and consecutive with both concurrent terms of nine years on counts one and two and a term of three years on count three, for a total of fifteen years.
 {¶ 8} After sentence was imposed for each of Nicholson's convictions, the order states he was "indigent" for purposes of an appeal; appellate counsel was appointed on his behalf. The original order of sentence further stated that "defendant [wa]s to pay court costs."
 {¶ 9} In Nicholson I, his appellate counsel challenged both Nicholson's convictions and sentences. As set forth in the opinion, the six assignments of error that pertained to Nicholson's convictions were overruled, therefore, his convictions were affirmed. Nicholson's two assignments of error with respect to the sentence claimed only that the trial court failed to comply with the relevant statutes in imposing "consecutive terms" for the convictions. Citing the Ohio Supreme Court's mandate in State v. Foster, supra, Nicholson I at ¶ 56 sustained these two assignments of error "albeit for reasons that differ from those" presented in the appellate arguments. The *Page 5 
case ultimately was remanded "for the limited purpose of resentencing proceedings consistent with this opinion." Id., at ¶ 64. Nicholson's sentence was not otherwise disturbed.
 {¶ 10} When the trial court called the case for a resentencing hearing, Nicholson was represented during the proceeding by the same attorney who had presented his appeal in Nicholson I. Counsel requested the court to "take a fresh look" at the matter and to impose a more "minimal" term. For his part, Nicholson, too asked the court "to show some mercy."
 {¶ 11} The trial court, however, detailed Nicholson's lengthy criminal history and determined that a total term of fifteen years for his convictions remained appropriate. The court graciously informed Nicholson it could "assign appellate counsel" if he wished to appeal his sentence.
 {¶ 12} After Nicholson's notice of appeal was filed, this court assigned to his case a different attorney than the one who represented him in Nicholson I.
 {¶ 13} Nicholson presents the following assignment of error in this appeal:
 {¶ 14} "The trial court's failure to waive costs was an abuse ofdiscretion and counsel's failure to request the suspension of costs wasineffective under the federal constitution."
 {¶ 15} This court previously has reminded this same appellate counsel that when an "assignment of error contains two completely separate arguments in derogation of the requirements of App.R. 16(A)(7) and App.R. 12(A)(1)(b)," this court *Page 6 
"has no duty to address it." State v. Thomas, Cuyahoga App. No. 85968,2006-Ohio-280, ¶ 59.
 {¶ 16} Nevertheless, in the interest of justice, since only "one" assignment of error is presented in this case, and since it is easily decided, this court will exercise its discretion to consider the arguments it presents.
 {¶ 17} As stated in State v. White, 103 Ohio St.3d 580,2004-Ohio-5989, "R.C. 2947.23 requires a judge to assess costs against all convicted criminal defendants * * *." Furthermore, indigent defendants are not automatically "sheltered from burdens such as court costs."State v. Staley, Madison App. No. CA2006-10-045, 2007-Ohio-3154, ¶ 35.
 {¶ 18} Rather, "an indigent defendant must move a trial court to waive payment of costs at the time of sentencing. If the defendant makes such a motion, then the issue is preserved for appeal and will be reviewed under an abuse-of-discretion standard. Otherwise, the issue is waived, and costs are res judicata." State v. Threatt, 108 Ohio St.3d 277,2006-Ohio-905, ¶ 23, cited with approval, State v. Clevenger,114 Ohio St.3d 258, 2007-Ohio-4006, ¶ 5. See also, State v. Evans,113 Ohio St.3d 100, 2007-Ohio-861, ¶ 12 (a criminal defendant cannot raise "on remand, or subsequent appeal from a resentencing order, issues that could have been raised in his or her direct appeal.").
 {¶ 19} The record of this case reflects that Nicholson never raised the issue of costs with the trial court at the original sentencing hearing; therefore, the "matter has *Page 7 
not been preserved for appeal." State v. Greathouse, Montgomery App. No. 21536, 2007-Ohio-2136, ¶ 83. See also, State v. Saxon,109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 16-19. Cf., State v. Berry, Lucas App. No. L-05-1048, 2007-Ohio-94.
 {¶ 20} Since the issue had been waived, defense counsel had no duty to address the matter at the resentencing hearing; counsel is not ineffective for failing to present an argument that has no merit.State v. Greathouse, supra.
 {¶ 21} For the foregoing reasons, Nicholson's assignment of error is overruled.
 {¶ 22} The original order of imposition of court costs upon Nicholson, accordingly, is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, J. and MARY J. BOYLE, J. CONCUR. *Page 1