THE STATE EX REL. CRUZADO *v.* ZALESKI, JUDGE.

[Cite as *State ex rel. Cruzado v. Zaleski,*
111 Ohio St.3d 353, 2006-Ohio-5795.]

(No. 2006–1007—Submitted August 8, 2006—Decided November 22, 2006.)

———————

**Per Curiam.**

{¶ 1} This is an original action for a writ of prohibition to vacate an entry resentencing a criminal defendant. The new sentencing entry includes a statutorily mandated period of postrelease control that was not present in the original sentencing entry. The trial court judge did not patently and unambiguously lack jurisdiction to issue the new entry, because the defendant's original sentence had not expired, and therefore we deny the writ.

Robbery and Attempted Escape: 2003 Common Pleas Court Proceedings

{¶ 2} In February 2003, in separate indictments, relator, Brandon Cruzado, was charged with one count of robbery, a felony of the second degree, with an accompanying firearm specification, and one count of attempted escape, a felony of the third degree. On April 7, 2003, Cruzado entered guilty pleas to the robbery and attempted-escape charges. In the written pleas that Cruzado signed, he was notified about postrelease control:

{¶ 3} "If you are sentenced to prison for a 2nd or a 3rd degree felony where the 3rd degree felony involves causing or threatening physical harm, you will have mandatory post-release control of three (3) years. If you receive prison for a non-violent 3rd, 4th, or 5th degree felony, you may be given up to three (3) years of post-release control."

{¶ 4} At the plea hearing, respondent, Lorain County Common Pleas Court Judge Edward M. Zaleski, accepted Cruzado's guilty pleas after determining that the pleas were knowingly, intelligently, and voluntarily made. At this hearing, Cruzado responded affirmatively to Judge Zaleski's asking, "Do you understand that upon your release from the institution, you will have five years of post-release control with the Adult Parole Authority and the Adult Parole Authority could return you to prison for up to nine months if you violate their conditions to a maximum of 50 percent additional time?"

{¶ 5} On July 7, 2003, Judge Zaleski again notified Cruzado that after he finished serving his prison sentence, he would be placed on postrelease control:

{¶ 6} "Now, upon your release from the institution, you will have five years of post-release control with the Adult Parole Authority. And if you violate their terms, they may impose a nine month prison term for each violation up to a maximum of 50 percent of the stated term originally imposed. Fifty percent of three years is 1–1/2 years."

{¶ 7} Judge Zaleski's specification of a postrelease-control period of five years at both the plea and sentencing hearings was incorrect because Cruzado's second-degree-felony conviction for robbery required a postrelease-control period of only three years. R.C. 2967.28(B)(2). There was no objection made to the erroneous statements at either hearing.

{¶ 8} On July 18, 2003, Judge Zaleski sentenced Cruzado to terms of three years for robbery and one year for attempted escape, to be served concurrently. In the sentencing entry for Cruzado's robbery conviction, the form used by Judge Zaleski included some language regarding "post conviction control," but this applied only to an unchecked section for repeat violent offenders and major drug offenders, which did not apply to Cruzado. The parties agree that the July 18, 2003 sentencing entry did not contain a written statement concerning postrelease control. The July 18, 2003 sentences were not appealed.

### Resentencing: 2006 Common Pleas Court Proceeding

{¶ 9} On May 24, 2006, before the expiration of Cruzado's three-year sentence for his robbery conviction, Judge Zaleski held a resentencing hearing at which he informed Cruzado of his mandatory three-year period of postrelease control:

{¶ 10} "[U]pon your release from the institution, you will be placed on post-release control for a period of a mandatory three years. For violating post-release control conditions, the Adult Parole Authority or Parole Board may impose a more restrictive or longer controlled sanction, including a nine month prison term, for each violation up to a maximum of 50 percent of the stated term original[ly] imposed."

{¶ 11} Judge Zaleski also issued a judgment entry reflecting his resentencing of Cruzado to a three-year term for his robbery conviction and a mandatory three-year period of postrelease control. Upon the expiration of his robbery sentence, Cruzado was released from prison and was placed on a three-year term of postrelease control, as ordered by Judge Zaleski's resentencing order.

### Prohibition Case

{¶ 12} Cruzado filed this action for a writ of prohibition two days before his resentencing to prevent Judge Zaleski from conducting the hearing. At the time, Cruzado's sentence for his attempted-escape conviction had expired, and his sentence for his robbery conviction was set to expire on June 6, 2006. On June 2, we granted an alternative writ and ordered the parties to submit evidence and briefs. The Ohio Public Defender submitted amicus curiae briefs in support of Cruzado.

{¶ 13} This cause is now before us for our consideration of the merits.

{¶ 14} Because the resentencing hearing has already occurred, Cruzado now requests a writ of prohibition to vacate the resentencing and void his postrelease control. Judge Zaleski counters that this case is now moot because prohibition will not issue to review an accomplished act.

{¶ 15} Judge Zaleski's contention lacks merit. A "prohibition action is not necessarily rendered moot when the act sought to be prevented occurs before a

court can rule on the prohibition claim." *State ex rel. Consumers' Counsel v. Pub. Util. Comm.*, 102 Ohio St.3d 301, 2004-Ohio-2894, 809 N.E.2d 1146, ¶ 11; see, also, *State ex rel. Brady v. Pianka*, 106 Ohio St.3d 147, 2005-Ohio-4105, 832 N.E.2d 1202, ¶ 8. "If a lower court patently and unambiguously lacks jurisdiction to proceed in a cause, prohibition * * * will issue to prevent any future unauthorized exercise of jurisdiction *and to correct the results of prior jurisdictionally unauthorized actions.*" (Emphasis added.) *State ex rel. Mayer v. Henson*, 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 12.

{¶ 16} Nevertheless, if the lower court does not patently and unambiguously lack jurisdiction to proceed, that court has general subject-matter jurisdiction to determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy by appeal. *Dzina v. Celebrezze*, 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶ 12. Under these circumstances, extraordinary relief in prohibition will not lie. *State ex rel. Downs v. Panioto*, 107 Ohio St.3d 347, 2006-Ohio-8, 839 N.E.2d 911, ¶ 27 ("prohibition will not issue if the relator has an adequate remedy in the ordinary course of law").

{¶ 17} Cruzado asserts that he is entitled to the writ because Judge Zaleski patently and unambiguously lacked jurisdiction to modify his 2003 sentencing entry to include postrelease control.

{¶ 18} It is true, as Cruzado asserts, that "trial courts lack authority to reconsider their own valid final judgments in criminal cases." *State ex rel. White v. Junkin* (1997), 80 Ohio St.3d 335, 338, 686 N.E.2d 267; *State ex rel. Hansen v. Reed* (1992), 63 Ohio St.3d 597, 599, 589 N.E.2d 1324.

{¶ 19} It is equally true, however, that this general rule is subject to two exceptions under which the trial court retains continuing jurisdiction. *State v. Garretson* (2000), 140 Ohio App.3d 554, 559, 748 N.E.2d 560. First, a trial court is authorized to correct a void sentence. Id., citing *State v. Beasley* (1984), 14 Ohio St.3d 74, 75, 14 OBR 511, 471 N.E.2d 774. Second, a trial court can correct clerical errors in judgments. Id., citing Crim.R. 36 ("Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time"). "The term 'clerical mistake' refers to a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment." See, e.g., *State v. Brown* (2000), 136 Ohio App.3d 816, 819–820, 737 N.E.2d 1057. Although courts possess inherent authority to correct clerical errors in judgment entries so that the record speaks the truth, "nunc pro tunc entries 'are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided.'" *Mayer*, 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 14, quoting *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 164, 656 N.E.2d 1288.

{¶ 20} Judge Zaleski's error falls within the first exception.[1] In the July 2003 sentencing entry for Cruzado's robbery conviction, Judge Zaleski did not include the three-year postrelease-control term, which R.C. 2967.28(B)(2) requires for a second-degree-felony conviction such as Cruzado's. "Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." *Beasley*, 14 Ohio St.3d at 75, 14 OBR 511, 471 N.E.2d 774. "[W]here a sentence is void because it does not contain a statutorily mandated term, the proper remedy is * * * to resentence the defendant." *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23.

{¶ 21} In *Jordan* at ¶ 27, we held that "when a trial court fails to notify an offender about postrelease control at the sentencing hearing but incorporates that notice into its journal entry imposing sentence, it fails to comply with the mandatory provisions of R.C. 2929.19(B)(3)(c) and (d), and, therefore, the sentence must be vacated and the matter remanded to the trial court for resentencing."

{¶ 22} Subsequently, in *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, a case in which the trial court did not notify a criminal defendant at his sentencing hearing that he would be subject to mandatory postrelease control and did not incorporate postrelease control into its sentencing entry, we granted a writ of habeas corpus to compel the defendant's release from prison, where he was being held for violating his nonexistent postrelease control, and we did not permit the resentencing of Hernandez, because his only journalized sentence had expired. Id. at ¶ 30.

{¶ 23} We reasoned that the trial court's noncompliance with the truth-in-sentencing provisions could not be cured by resentencing *after* the journalized prison term had expired:

{¶ 24} "When the General Assembly adopted Am.Sub.S.B. No. 2, in 1996, it created major changes in the premise of felony sentencing in Ohio. 146 Ohio Laws, Part IV, 7136. As part of the General Assembly's goal of achieving 'truth in sentencing,' the new felony-sentencing law was intended to ensure that all persons with an interest in a sentencing decision would know precisely the sentence a defendant is to receive upon conviction for committing a felony. The goal is that when the prosecutor, the defendant, and victims leave the courtroom following a sentencing hearing, they know precisely the nature and duration of the restrictions that have been imposed by the trial court on the defendant's personal liberty. Confidence in and respect for the criminal-justice system flow

---

1.  Notwithstanding the judge's argument to the contrary, it appears that the error was not corrected as a "clerical mistake" because Judge Zaleski also held a sentencing hearing before entering the new order.

from a belief that courts and officers of the courts perform their duties pursuant to established law. *In this case, neither the trial judge, the prosecutor, nor the defense counsel advised the defendant at the hearing, or in a journal entry, that his liberty would continue to be restrained after he served his sentence. That omission violated not only the statute, but the spirit of the changes in criminal sentencing underlying Senate Bill 2.*

{¶ 25} "The Adult Parole Authority was not authorized to put Hernandez on postrelease control and sanction him for violating the terms of that control in the absence of appropriate notification of postrelease control by the trial court and incorporation of postrelease control in its sentencing entry. *In that his journalized sentence has expired, Hernandez is entitled to the writ and release from prison and from further postrelease control.* Based on the foregoing, we grant the writ and order Hernandez's release from prison and postrelease control." (Emphasis added.) *Hernandez,* 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶ 31–32.

{¶ 26} Cruzado's reliance on *Hernandez* to support his entitlement to extraordinary relief is misplaced. This case is distinguishable from *Hernandez* in two important respects. First, Judge Zaleski *did* advise Cruzado at both his plea hearing and his sentencing hearing that he would be subject to a mandatory period of postrelease control after he had served his three-year prison sentence. Although Judge Zaleski misstated Cruzado's postrelease-control term as five years, which is a *longer* term than the three-year period actually required by R.C. 2967.28(B)(2), Judge Zaleski did provide some notice—which Cruzado specifically acknowledged—that Cruzado would be subject to a multiyear term of postrelease control. In *Hernandez,* the petitioner never received any such notice and never acknowledged that he would be subject to a mandatory period of postrelease control.

{¶ 27} Second, Cruzado's sentence had not yet expired when Judge Zaleski resentenced him. By contrast, in *Hernandez,* 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶ 28, 30, 32, we emphasized that the defendant's journalized sentence had already expired, and thus, resentencing was no longer an option.

{¶ 28} Because Cruzado's sentence had not yet been completed when he was resentenced, Judge Zaleski was authorized to correct the invalid sentence to include the appropriate, mandatory postrelease-control term. The Franklin County Court of Common Pleas, Criminal Division, reached a similar conclusion in resentencing a criminal defendant to include the mandatory postrelease-control period that the court had failed to include in an earlier sentencing entry, when the defendant had not yet completed his original sentence. *State v. Ramey,* 136 Ohio Misc.2d 24, 2006-Ohio-885, 846 N.E.2d 111, ¶ 16 ("Whether, technically speaking, this is considered a correction of a void judgment that overlooked a

mandatory part of the sentence or merely as a correction of a clerical mistake, either type of alteration to the original judgment entry is permitted by well-established Ohio law").

{¶ 29} Following our decision in *Hernandez,* 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, the General Assembly amended R.C. 2967.28 to provide that when a trial court imposes a sentence that should include a mandatory term of postrelease control after the July 11, 2006 effective date of the amendment, "the failure of a sentencing court to notify the offender * * * of this requirement or to include in the judgment of conviction entered on the journal a statement that the offender's sentence includes this requirement does not negate, limit, or otherwise affect the mandatory period of supervision that is required for the offender under this division." R.C. 2967.28(B). See Am.Sub.H.B. No. 137. For those cases in which an offender was sentenced before the July 11, 2006 amendment and was not notified of mandatory postrelease control or in which there was not a statement regarding postrelease control in the court's journal or sentence, R.C. 2929.191 authorizes the sentencing court—before the offender is released from prison—to "prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison." This latter procedure is similar to the one that Judge Zaleski followed in the underlying case.

{¶ 30} Furthermore, Cruzado's claim that Judge Zaleski violated the law of the case by not adhering to his previous sentencing entry lacks merit. Judge Zaleski did not disregard any mandate of a superior court in a prior appeal in the same case. *State ex rel. Sharif v. McDonnell* (2001), 91 Ohio St.3d 46, 47–48, 741 N.E.2d 127. There was no previous mandate of a reviewing court.

{¶ 31} Finally, Cruzado's and amicus curiae's argument that prohibition is warranted based on double jeopardy is not meritorious. Double-jeopardy claims are not cognizable in prohibition. *State ex rel. Whiteside v. Fais* (2001), 91 Ohio St.3d 463, 464, 746 N.E.2d 1113, citing *State ex rel. White v. Junkin* (1997), 80 Ohio St.3d 335, 338, 686 N.E.2d 267.

{¶ 32} Based on the foregoing, Judge Zaleski did not lack jurisdiction, much less *patently and unambiguously* lack jurisdiction, to correct Cruzado's sentencing entry *before his journalized sentence had expired.* Therefore, Cruzado has or had an adequate remedy in the ordinary course of law by appealing the resentencing entry to raise his claim. Accordingly, we deny the writ of prohibition.

Writ denied.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

John P. Parker, for relator.

Dennis P. Will, Lorain County Prosecuting Attorney, and M. Robert Flanagan, Assistant Prosecuting Attorney, for respondent.

David H. Bodiker, State Public Defender, and Stephen P. Hardwick, Assistant Public Defender, urging granting of writ, for amicus curiae, Ohio Public Defender.