DECISION *Page 2 
{¶ 1} The issue in this case is whether a trial court can vacate a defendant's sentence and then resentence him when the court has failed to notify the defendant at the original sentencing hearing about post-release control. The answer is yes.
 I. The Crime and Sentence {¶ 2} Defendant-appellant James B. Hill pleaded guilty to aggravated arson[1] and burglary.[2] There was a gun specification on the aggravated-arson charge. Hill was sentenced to eight years' incarceration on each charge, to run concurrently, and one year's incarceration on the gun specification, which was to run consecutively to the aggravated-arson sentence, for a total of nine years' incarceration.
 {¶ 3} During sentencing, the court stated that the statutorily mandated post-release control was discretionary. After the Ohio Supreme Court's decision in Hernandez v. Kelly,[3] the trial court vacated Hill's sentence, held a new sentencing hearing, and then resentenced him to the same sentence. At the new sentencing hearing, the court advised Hill that he was subject to a mandatory five years of post-release control under R.C. 2967.28(B)(1).
 II. Post-Release Control {¶ 4} In his only assignment of error, Hill argues that a trial court cannot vacate a sentence previously imposed without proper notification and then reimpose the same sentence with post-release control. Hill's argument is without merit. *Page 3 
 {¶ 5} At the original sentencing hearing, in March 1998, the trial court notified Hill that he "could be placed on what is called post-release control, for up to five years." The trial court essentially stated that post-release control was discretionary, instead of advising him that under R.C. 2967.28(B)(1) five years of post-release control was mandatory.
 {¶ 6} While trial courts generally "lack authority to reconsider their own valid final judgments in criminal cases,"[4] there are two exceptions under which a trial court retains jurisdiction — (1) to correct a void sentence,[5] and (2) to correct clerical errors in judgments.[6]
 {¶ 7} The Ohio Supreme Court has held that a trial court's failure to properly notify an offender about post-release control results in a void sentence and, therefore, falls under the first exception.[7] "Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void."[8] ]As the Ohio Supreme Court has explained, "where a sentence is void because it does not contain a statutorily mandated term, the proper remedy is * * * to resentence the defendant."[9] But a trial court may only resentence an offender to give the required notice of post-release control if the offender's sentence has not yet expired.[10]
 {¶ 8} Specifically, the Ohio Supreme Court has held that under R.C.2929.19 a trial court must notify an offender about post-release control both at the sentencing *Page 4 
hearing and by incorporating the notification into its sentencing entry when sentencing a felony offender to a prison term.[11] The trial court must do so regardless of whether the term of post-release control is mandatory or discretionary under R.C. 2967.28.[12]
 {¶ 9} Following these recent Ohio Supreme Court decisions, the General Assembly amended R.C. 2967.28. Of course, as is normal, the legislature used dozens of words and bizarre sentence structure to rain confusion on anyone foolish enough to try to read its work. The new statute provides, "Each sentence to a prison term for a felony of the first degree, for a felony of the second degree, or for a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened to cause physical harm to a person shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. If a court imposes a sentence including a prison term of a type described in this division on or after the effective date of this amendment, the failure of a sentencing court to notify the offender pursuant to [R.C. 2929.19(B)(3)(c)] of this requirement or to include in the judgment of conviction entered on the journal a statement that the offender's sentence includes this requirement does not negate, limit, or otherwise affect the mandatory period of supervision that is required for the offender under this division. Section 2929.191 of the Revised Code applies if, prior to the effective date of this amendment, a court imposed a sentence including a prison term of a type described in this division and failed to notify the offender pursuant to [R.C.2929.19(B)(3)(c)] *Page 5 
regarding post-release control or to include in the judgment of conviction entered on the journal or in the sentence pursuant to [R.C.2929.14(F)(1)] a statement regarding post-release control. Unless reduced by the parole board pursuant to division (D) of this section when authorized under that division, a period of post-release control required by this division for an offender shall be of one of the following periods: (1) For a felony of the first degree or for a felony sex offense, five years." Wow.
 {¶ 10} Because the sentence in this case was imposed before these amendments, we must look to R.C. 2929.191. This statute provides the following: "(A)(1) If, prior to the effective date of this section, a court imposed a sentence including a prison term of [mandatory post-release control under R.C. 2929.19(B)(3)(c)] and failed to notify the offender pursuant to that division that the offender will be supervised under [R.C. 2967.28] after the offender leaves prison or to include a statement to that effect in the judgment of conviction entered on the journal or in the sentence pursuant to [R.C. 2929.14(F)(1)], at any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under [R.C. 2967.28] after the offender leaves prison. * * * (C) On and after the effective date of this section, a court that wishes to prepare and issue a correction to a judgment of conviction of a type described in division (A)(1) or (B)(1) of this section shall not issue the correction until after the court has conducted a hearing in accordance with this division. Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the *Page 6 
hearing, the prosecuting attorney of the county, and the department of rehabilitation and correction. The offender has the right to be physically present at the hearing, except that, upon the court's own motion or the motion of the offender or the prosecuting attorney, the court may permit the offender to appear at the hearing by video conferencing equipment if available and compatible. * * * At the hearing, the offender and the prosecuting attorney may make a statement as to whether the court should issue a correction to the judgment of conviction."
 {¶ 11} Boiling down the nigh-impenetrable language of these statutes, the effect is that the trial court can correct itself when it fails to notify the defendant about either the mandatory or the discretionary nature of post-release control.
 {¶ 12} Here, the court vacated Hill's sentence, brought him back for a new sentencing hearing, reimposed the same sentence, and notified him of the statutorily mandated five years' post-release control. In doing so, the trial court complied with the Ohio Supreme Court's recent decisions, the new amendments to R.C. 2967.28, and the newly enacted R.C. 2929.191.
 {¶ 13} Hill's reliance on Hernandez is misplaced. InHernandez, the trial court failed to notify Hernandez of mandatory post-release control at the sentencing hearing or in its judgment entry.[13] ]After he completed his prison term, Hernandez was detained for violating his post-release control, and the Adult Parole Authority imposed a prison term upon him.[14] Hernandez petitioned for a writ of habeas corpus challenging his detention, which the Ohio Supreme Court granted. In doing so, the court held that the trial court could not have remedied its failure to notify Hernandez *Page 7 
of post-release control by resentencing him once he had already completed his sentence.[15]
 {¶ 14} Thus, contrary to Hill's contention, the Ohio Supreme Court did not hold that resentencing to include post-release control is never allowed. Rather the court held that it is prohibited where the defendant's prison sentence has already been completed. And the court's subsequent holdings in State ex rel. Cruzado v. Zaleski[16] andWatkins v. Collins[17], as well as the General Assembly's amendment of R.C. 2967.28 and enactment of R.C. 2929.191, reaffirm that holding and clearly establish that resentencing an offender while he is serving his prison term is the proper remedy for failing to notify him of post-release control.
 {¶ 15} Hill's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
HILDEBRANDT and SUNDERMANN, JJ., concur.
[1] R.C. 2909.02.
[2] R.C. 2911.12.
[3] See Hernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126,884 N.E.2d 301.
[4] State ex rel. White v. Junkin, 80 Ohio St.3d 335, 338,1997-Ohio-340, 686 N.E.2d 267; see, also, State ex rel. Hansen v.Reed (1992), 63 Ohio St.3d 597, 599, 589 N.E.2d 1324.
[5] See State v. Beasley (1984), 14 Ohio St.3d 74, 75,471 N.E.2d 774.
[6] See Crim.R. 36.
[7] See State ex rel. Cruzado v. Zaleski, 111 Ohio St.3d 353,2006-Ohio-5795, 856 N.E.2d 263, at ¶ 20.
[8] Id., citing Beasley, 14 Ohio St.3d at 75, 471 N.E.2d 774.
[9] Id., citing State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085,817 N.E.2d 864, at ¶ 23.
[10] Id. at ¶ 28; Hernandez, 108 Ohio St.3d 395, 2006-Ohio-126,884 N.E.2d 301, at ¶ 31-32.
[11] Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, at paragraph one of the syllabus.
[12] Hernandez, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301;Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph two of the syllabus.
[13] Hernandez, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, at ¶ 2.
[14] Id. at ¶ 6-7.
[15] Id. at ¶ 31-32.
[16] See State ex rel. Cruzado v. Zaleski, 111 Ohio St.3d 353,2006-Ohio-5795, 856 N.E.2d 263.
[17]See Watkins v. Collins, 111 Ohio St.3d 425, 2006-Ohio-5082,857 N.E.2d 78. *Page 1