{¶ 119} Although I concur with the majority's disposition of Simpson's assignments of error, I dissent with respect to the majority's decision to address the *Page 39 
issue of post release control. I believe that portion of the majority opinion is improper.
 {¶ 120} The majority opinion acknowledges that Simpson did not challenge the trial court's purported imposition of an overlong period of post release control. To raise the issue "sua sponte," before Simpson has been subjected to post release control, is a matter that is premature. Should the Ohio Adult Parole Authority, upon Simpson's eventual release from prison, attempt to subject him to a longer period of post release control than is within its statutory mandate, Simpson may file a writ with respect to the issue. See, as the majority opinion itself cites, State ex rel. Cruzado v. Zaleski, 111 Ohio St.3d 353,2006-Ohio-5795.
 {¶ 121} Moreover, to raise the issue sua sponte also constitutes an overreaching of this court's authority. The Ohio Supreme Court previously admonished this court about such a tendency.
 {¶ 122} "App.R. 12(A)(1)(b) mandates that an appellate court `determine the appeal on its merits on the assignments of error,' and R.C. 2953.08(G)(2) permits the court only to modify or vacate a sentence appealed under that section. In this case, the appellate courtexceeded its authority by essentially considering an assignment of errornot raised and vacating a sentence not appealed. An appellate court may only modify or vacate a sentence that is appealed by the defendant * * *." State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245. (Emphasis added.) *Page 40 
 {¶ 123} In light of the supreme court's caution, why even mentionState v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250? The majority opinion acknowledges that the case is completely distinguishable. Bezak was convicted of only one offense, was sentenced to only six months in prison, was not informed if he would be required to serve any period of post release control, and, on appeal, raised the issue of whether, under the circumstances, any period of post release control could be imposed upon him; thus, the case has absolutely no application here.
 {¶ 124} Since, in my view, the final portion of the majority opinion is neither necessary nor proper, I dissent from it. I concur only in the majority opinion's disposition of Simpson's assigned errors on appeal. *Page 1