OPINION
{¶ 1} Defendant-appellant, Chester Johnson, appeals the decision of the Ashtabula County Court of Common Pleas, amending a previously imposed sentence to include a period of post-release control. For the following reasons, we affirm the decision of the trial court. *Page 2 
 {¶ 2} In 1992, Johnson was convicted of Felonious Sexual Penetration and Gross Sexual Imposition and sentenced to a prison term of 10 to 25 years. See State v. Johnson (May 5, 1993), 9th Dist. No. 2174, 1993 Ohio App. LEXIS 2472.
 {¶ 3} While serving his term as an inmate at the Lake Erie Correctional Institution, Johnson was convicted of Assault on a Corrections Officer, a felony of the fifth degree in violation of R.C.2903.13(A)(2)(B), and sentenced to a prison term of 12 months, to be served consecutively to his prior sentence. See State v. Johnson, 11th Dist. No. 2001-A-0043, 2002-Ohio-6570.
 {¶ 4} At the sentencing hearing, held on May 18, 2001, the trial court advised Johnson that, after his release from prison, he would be under post release control for a period of not more than three years. The court advised Johnson as follows: "The Court hereby notifies the defendant as follows: After you're released from prison, you will have a period of post-release control for a period not to exceed three years. Doesn't have to be three years, but can't be more than three years following your release from prison."
 {¶ 5} At this time, the trial court had Johnson sign a Notice (Prison Imposed) form. This document states as follows: "After you are released from prison, you will have a period of post-release control for 3 years following your release from prison. * * * I hereby certify that the Court read to me, and gave to me in writing, the notice set forth herein." This document was signed by Johnson and incorporated into the record as part of the court's journal and docket.
 {¶ 6} The trial court's written Judgment Entry of Sentence, entered on May 18, 2001, did not include the period of post release control. *Page 3 
 {¶ 7} On April 20, 2007, the trial court entered a Nunc Pro Tunc Judgment Entry, amending its prior judgment entry to include a period of post release control.
 {¶ 8} From this judgment entry, Johnson timely appeals and raises the following assignments of error:
 {¶ 9} "[1.] Ashtabula County Common Pleas Court Judge Ronald Vettel amended appellant's sentence to add post release control without a hearing.
 {¶ 10} "[2.] The trial court was barred by the doctrine of res judicata from amending its sentencing entry of May 18, 2001 once appellant was sent to prison to serve his sentence of incarceration.
 {¶ 11} "[3.] The trial court violated appellant's rights against double jeopardy when it modified its journal entry of May 18, 2001 and added post release control."
 {¶ 12} In his first assignment of error, Johnson argues the trial court erred by amending its judgment entry to include a period of post release control without holding a hearing pursuant to R.C. 2929.191(C).
 {¶ 13} "If * * * a court imposed a sentence * * * and failed to notify the offender * * * that the offender may be supervised under section 2967.28
of the Revised Code [providing for post release control] after the offender leaves prison or to include a statement to that effect in the judgment of conviction entered on the journal or in the sentence * * *, at any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender may be supervised under *Page 4 
section 2967.28 of the Revised Code after the offender leaves prison." R.C. 2929.191(A)(1).
 {¶ 14} "[A] court that wishes to prepare and issue a correction to a judgment of conviction * * * shall not issue the correction until after the court has conducted a hearing" at which "[t]he offender has the right to be physically present." R.C. 2929.191(C).
 {¶ 15} Johnson argues that the trial court erred by amending its May 18, 2001 Judgment Entry without first holding a hearing as provided for in R.C. 2929.191(C). State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, at syllabus ("When a defendant is convicted of or pleads guilty to one or more offenses and post-release control is not properly included in a sentence for a particular offense, the sentence for that offense is void. The offender is entitled to a new sentencing hearing for that particular offense.").
 {¶ 16} In State ex rel. Cruzado v. Zaleski, 111 Ohio St.3d 353,2006-Ohio-5795, the Ohio Supreme Court acknowledged that "a trial court can correct clerical errors in judgments." Id. at ¶ 19 (citation omitted); Crim.R. 36 ("[clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time"). "Although courts possess inherent authority to correct clerical errors in judgment entries so that the record speaks the truth, `nunc pro tunc entries "are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided."'" Id. (citations omitted).
 {¶ 17} In the present case, the trial court's April 20, 2007 Nunc Pro Tunc Judgment Entry properly amended the record to reflect the sentence actually imposed on Johnson at the May 18, 2001 sentencing hearing. At this hearing, the trial court *Page 5 
imposed a period of post release control in accordance with R.C.2967.28. Johnson signed a written document acknowledging that he was duly advised of post-release control and this acknowledgment was journalized.
 {¶ 18} Thus, in the present case, Johnson was properly advised that he would be subject to post-release control. The omission of this notice in the May 18, 2001 Judgment Entry of Sentence was merely a clerical error which the trial court had the authority to correct through a nunc pro tunc entry.
 {¶ 19} The first assignment of error is without merit.
 {¶ 20} In his second and third assignments of error, Johnson argues the trial court is barred from amending his sentence to add a term of post release control on the grounds of res judicata and double jeopardy.
 {¶ 21} These arguments have been recently and decidedly rejected by the Ohio Supreme Court. State v. Simpkins, ___ Ohio St.3d ___,2008-Ohio-1197, at syllabus, ¶ 30 (res judicata), and ¶ 37 (double jeopardy and due process).
 {¶ 22} The second and third assignments of error are without merit.
 {¶ 23} For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas, amending Johnson's sentence to include a period of post release control is affirmed. Costs to be taxed against appellant.
 CYNTHIA WESTCOTT RICE, J., TIMOTHY P. CANNON, J., concur. *Page 1