OPINION
{¶ 1} Appellant, Louis D. Hairston ("appellant"), filed this appeal seeking reversal of a judgment by the Franklin County Court of Common Pleas resentencing him after a remand from this court. For the reasons that follow, we affirm the trial court's judgment. *Page 2 
 {¶ 2} Appellant was initially charged in two separate case numbers with a number of criminal offenses arising from a series of home invasions: one involving victim Cynthia Green, one involving victims Melanie Pinkerton and Gary Reames, and one involving victim John Maransky. In case No. 06CR-6900, appellant ultimately entered a plea of guilty to single counts of aggravated robbery and aggravated burglary, with firearm specifications, as to the Green home invasion.[1] In case No. 05CR-7738, appellant pleaded guilty to two counts of aggravated robbery and one count of aggravated burglary, each with firearm specifications, as to the Pinkerton-Reames home invasion, and single counts of aggravated robbery and aggravated burglary, each also with firearm specifications, as to the Maransky home invasion.
 {¶ 3} At the sentencing hearing, the trial court announced that in case No. 05CR-7738, it was imposing ten years on each of the counts to which appellant pleaded guilty. The sentences for the two aggravated robbery charges arising from the Pinkerton-Reames home invasion were ordered to be served consecutively, and the trial court imposed an additional six years of incarceration for the firearm specifications associated with those two charges. The ten-year sentences for the aggravated burglary charge arising from the Pinkerton-Reames home invasion and the charges arising from the Maransky home invasion were ordered to be served concurrently with that sentence. The trial court did not impose a sentence for any firearm specification associated with the charges arising out of the Maransky home invasion. Thus, the total sentence announced in case No. 05CR-7738 was 26 years, to be served consecutively to the sentence *Page 3 
imposed for the Green home invasion, and consecutively to a sentence imposed in Scioto County for charges arising there. However, the sentence imposed by the trial court in its sentencing entry differed from the sentence announced at the sentencing hearing in that the entry ordered all of the ten-year sentences to be served concurrently, for a total period of incarceration of 16 years.
 {¶ 4} On appeal, we affirmed appellant's convictions and sentence, except in one respect. We concluded that the trial court had improperly sentenced appellant to two separate three-year terms of incarceration for firearm specifications on the charges arising from a single occurrence — specifically, the Pinkerton-Reames home invasion. State v.Hairston, Franklin App. No. 07AP-160, 2007-Ohio-5928, at ¶ 34. We found that the trial court's error in this regard rendered the sentence void, rather than voidable. Id. at ¶ 38.
 {¶ 5} The state conceded the error in sentencing, but argued that the second three-year firearm specification for which appellant was sentenced related to the Pinkerton-Reames home invasion could be switched to the sentence imposed for the Maransky home invasion, as the trial court had originally failed to impose any term of incarceration for a firearm specification on any of the counts arising from the Maransky home invasion. However, we rejected that argument because appellant had not appealed the sentence on the charges from the Maransky home invasion, and the state had not filed a cross-appeal asserting the trial court's failure to have imposed any sentence on any of the firearm specifications related to the charges arising from that incident. Id. at ¶ 40-44. We concluded by stating that, "[w]e emphasize, however, that we have not considered or determined whether appellee can still seek to rectify the trial *Page 4 
court's failure to impose the requisite sentence on the Maransky firearm specifications." Id. at ¶ 45.
 {¶ 6} Thus, we reversed the trial court's judgment and remanded the case for resentencing for a single firearm specification on the charges arising from the Pinkerton-Reames home invasion. Id. at ¶ 52. The state filed a motion with the trial court asking the court to: (1) correct a clerical error in the court's original sentencing entry to reflect the court's announcement that two of the ten-year sentences were to be served consecutively, and (2) switch one of the firearm specification sentences from the counts arising from the Pinkerton-Reames home invasion to one of the counts arising from the Maransky home invasion.
 {¶ 7} Ultimately, the Supreme Court of Ohio declined to accept either appellant's appeal or the state's cross-appeal of our decision.State v. Hairston, 117 Ohio St.3d 1441, 2008-Ohio-1279, 883 N.E.2d 458. At that point, the trial court held a new sentencing hearing. At the resentencing, the trial court mostly imposed the same sentence it had originally announced at the original sentencing hearing, except that separate three-year terms of incarceration were imposed for the firearm specifications associated with the charges arising from the Pinkerton-Reames home invasion and the charges arising from the Maransky home invasion. The total sentence imposed was 26 years of incarceration.
 {¶ 8} Appellant filed this appeal, asserting four assignments of error:
 First Assignment of Error Appellant was denied effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the *Page 5 
United States Constitution and Section 10, Article I of the Ohio Constitution.
 Second Assignment of Error The trial court erred by modifying Appellant's sentence when such modification was prohibited by State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245.
 Third Assignment of Error The trial court erred by modifying Appellant's sentence when the State failed to appeal any error in the original sentence.
 Fourth Assignment of Error The trial court committed plain error in modifying Appellant's sentence.
 {¶ 9} For ease of discussion, we will address the assignments of error out of order. In his second, third, and fourth assignments of error, appellant argues that the trial court erred when it imposed a three-year sentence for a firearm specification associated with the charges arising from the Maransky home invasion. Thus, the issue is the same issue that we emphasized we were not reaching in appellant's first appeal: whether on remand the trial court could rectify its failure to have imposed a sentence on either of the Maransky firearm specifications, even though the sentence imposed for the charges arising from the Maransky home invasion was not the subject of appellant's initial appeal, nor did the state file a cross-appeal asserting the trial court's failure to impose the required sentence.
 {¶ 10} As we discussed in our opinion on appellant's initial appeal, R.C. 2929.14(D)(1)(a) required the trial court to impose a sentence for one of the Maransky home invasion firearm specifications, because the Maransky home invasion was a *Page 6 
transaction separate from the Pinkerton-Reames home invasion. State v.Hairston, Franklin App. No. 07AP-160, 2007-Ohio-5928, at ¶ 39. We declined to accept the state's argument that we could order the trial court to switch one of the firearm specification sentences imposed for the Pinkerton-Reames home invasion to the sentence imposed for the Maransky home invasion, because acceptance of the state's argument would have required us to apply the "sentencing package doctrine" to appellant's sentence. Id. at ¶ 42.
 {¶ 11} The sentencing package doctrine is a doctrine developed under federal sentencing law that holds that an error in part of a sentencing package, even if it occurs on only one of multiple offenses, may require vacation or modification of the entire sentence, due to the interdependent nature of sentences imposed for different offenses under federal law. The Supreme Court of Ohio has rejected application of the sentencing package doctrine to Ohio sentencing law, because Ohio law requires the sentencing court to consider each offense individually.State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824;State v. Evans, 113 Ohio St.3d 100, 2007-Ohio-861, 863 N.E.2d 113. The Supreme Court stated that "the sentencing court may not employ the doctrine when sentencing a defendant and appellate courts may not utilize the doctrine when reviewing a sentence or sentences."Saxon, at paragraph two of the syllabus.
 {¶ 12} Appellant argues that under Saxon and Evans, the trial court had no authority to alter the sentence imposed for the Maransky home invasion, because doing so involved application of the sentencing package doctrine. However, while the inapplicability of the sentencing package doctrine prohibited us from vacating a sentence that was not properly before us as the subject of an appeal, the trial court's action on *Page 7 
remand imposing a firearm specification sentence for the Maransky home invasion did not involve application of the sentencing package doctrine. Rather, the trial court's action involved exercise of its authority to correct a void sentence.
 {¶ 13} A sentence is void, as opposed to voidable, when it is imposed by a court that lacks subject matter jurisdiction or authority to act.State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306. When a court fails to include a statutorily mandated term in a sentence, that sentence is considered to be void. State v. Simpkins,117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568. See, also, State v. Jordan,104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864. A trial court retains the authority to correct a void sentence. Simpkins, citing State ex rel.Cruzado v. Zaleski, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263.
 {¶ 14} There is no dispute that R.C. 2929.14(D)(1)(a) made it mandatory for the trial court to impose an actual term of incarceration for one of the firearm specifications arising from the Maransky home invasion. The court's failure to do so rendered the sentence for the Maransky home invasion void, and the trial court retained jurisdiction to correct its void sentence. Thus, the trial court did not err when it imposed a sentence for the Maransky firearm specification after we remanded the case to the trial court for resentencing.
 {¶ 15} Accordingly, appellant's second, third, and fourth assignments of error are overruled.
 {¶ 16} In his first assignment of error, appellant argues that he received ineffective assistance of counsel because his trial counsel failed to raise any objection to the trial court's imposition of a sentence for the Maransky firearm specification. In analyzing *Page 8 
claims of ineffective assistance of counsel, courts have applied a two-part test where "[t]he defendant must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) resulting prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." State v. Sapp, 105 Ohio St.3d 104,115-116, 2004-Ohio-7008, 822 N.E.2d 1239. Since we have determined that the trial court acted properly in imposing a mandatory sentence, the failure to raise an objection could not have constituted deficient performance by counsel, nor could it have resulted in any prejudice to appellant.
 {¶ 17} Therefore, appellant's first assignment of error is overruled.
{¶ l8} Having overruled all of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BRYANT and BROWN, JJ., concur.
[1] Neither the plea nor the sentence imposed by the trial court in case No. 06CR-6900 is the subject of this appeal. *Page 1