[Cite as *State v. Russell*, 2016-Ohio-7712.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103993**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## SHAKIM L. RUSSELL

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-13-579855-A and CR-15-599705-A

**BEFORE:** E.T. Gallagher, J., Jones, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 10, 2016

**ATTORNEY FOR APPELLANT**

Kevin P. Shannon
Kehoe & Associates, L.L.C.
1940 East 6th Street
900 Baker Building
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Christine M. Vacha
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

**{¶1}** Defendant- appellant, Shakim L. Russell ("Russell"), appeals from the trial court's imposition of court costs. He raises two assignments of error for our review:

1. The trial court erred by assessing costs to appellant in its journal entry when it had waived costs in court at the sentencing hearing.

2. Alternatively, trial counsel admitted malpractice by failing to file a motion to waive costs.

**{¶2}** After careful review of the record and relevant case law, we reverse and remand for proceedings consistent with this opinion.

## I. Procedural History

**{¶3}** In November 2015, Russell pleaded guilty in Cuyahoga C.P. No. CR-13-579855-A to drug trafficking, a felony of the first degree, with a one-year firearm specification; and carrying a concealed weapon, a felony of the fourth degree. In Cuyahoga C.P. No. CR-15-599705-A, Russell pleaded guilty to drug trafficking, a felony of the first degree, with a one-year firearm specification; having a weapon while under disability, a felony of the third degree; and two counts of endangering children, misdemeanors of the first degree.

**{¶4}** At a joint sentencing hearing, the trial court imposed an aggregate 11-year prison term and a $10,000 fine. In addition, the trial court waived "all court costs." The sentencing journal entry in Case No. CR-13-579855-A reflects the waiver of costs. In

contrast, however, the sentencing journal entry in Case No. CR-15-599705-A ordered Russell to pay "an amount equal to the costs of this prosecution."

{¶5} Russell now appeals from the trial court's inclusion of costs in the sentencing journal entry in Case No. CR-15-599705-A.

## I. Law and Analysis

{¶6} In his first assignment of error, Russell argues the trial court erred in assessing costs in its sentencing journal entry when it had waived costs on the record during the sentencing hearing.

{¶7} Although a court speaks through its journal entries, clerical errors may be corrected at any time in order to conform to the transcript of the proceedings. *State v. Steinke*, 8th Dist. Cuyahoga No. 81785, 2003-Ohio-3527, ¶ 47; Crim.R. 36. Trial courts retain continuing jurisdiction to correct these clerical errors in judgments with a nunc pro tunc entry to reflect what the court actually decided. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19.

{¶8} In this case, the state concedes that the trial court waived costs at the time of the sentencing. Moreover, our review of the record confirms that the sentencing entry in Case No. CR-15-599705-A includes an order of costs to be paid by Russell, while the transcript shows the trial court waived costs on the record. Accordingly, we remand to the trial court for the limited purpose of issuing a nunc pro tunc journal entry in Case No. CR-15-599705-A that accurately reflects the court's decision at the sentencing hearing. *See State v. Lugo*, 8th Dist. Cuyahoga No. 103893, 2016-Ohio-2647.

**{¶9}** Russell's first assignment of error is sustained. His second assignment of error is thereby rendered moot. *See* App.R. 12(A)(1)(c).

**{¶10}** Judgment affirmed and case remanded for the trial court to issue a nunc pro tunc entry reflecting the fact that the court waived court costs.

It is ordered that appellant recover from appellee costs herein taxed. Costs waived.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

LARRY A. JONES, SR., A.J., and
SEAN C. GALLAGHER, J., CONCUR