[Cite as *In re C.N.*, 2019-Ohio-179.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 107371**

**IN RE:   C.N.**
**Minor Child**

**JUDGMENT:**
AFFIRMED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL17113920

**BEFORE:**   Laster Mays, J., E.A. Gallagher, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**   January 17, 2019

-i-

**ATTORNEYS FOR APPELLANT**

Timothy Young
Ohio Public Defender

By:   Lauren Hammersmith
Assistant Ohio Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:    Zen Canaday
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44106

**Mother of C.N.**

Sharine Holly
4103 East 81st Street
Cleveland, Ohio 44105


ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant C.N. asks this court to issue an order directing the juvenile court to correct its dispositional entry to accurately reflect the sentencing proceedings held on May 17, 2018.   The state, pursuant to Loc.App.R. 16(B), concedes the error.   We affirm C.N.'s sentence, but we remand to the trial court to issue a nunc pro tunc entry to accurately reflect the proceedings in question.

{¶2}   C.N. was adjudicated delinquent of one count of aggravated robbery, one count of

kidnapping, and two counts of robbery. The juvenile court found C.N. to be a serious youthful offender, and C.N. was committed to the Ohio Department of Youth Services for a minimum period of three years, maximum to his 21st birthday for each count. At sentencing, the juvenile court ordered that all offenses merge into the kidnapping offense and committed C.N. to the Ohio Department of Rehabilitation and Correction for a period of eight years and suspended that commitment upon the successful completion of his juvenile disposition. However, the journal entry reflects a juvenile disposition for each of the four counts to be served concurrently rather than reflect that the juvenile court merged all of the counts into the kidnapping count. Therefore, the journal entry does not reflect what the juvenile court stated at the sentencing hearing. As a result, C.N. has filed this timely appeal, assigning two errors for our review:

I. The juvenile court abused its discretion when it issued a judgment entry that failed to reflect what actually occurred during its dispositional hearing; and

II. The juvenile court erred when it failed to merge four juvenile sentencing offenses that had a similar import, arose from the same conduct, and were not committed separately or with a separate animus, in violation of C.N.'s rights under the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution; Article I, Section 10 of the Ohio Constitution, and *In re A.G.*, 148 Ohio St.3d 188, 2016-Ohio 3306, ¶ 9.

## I.    Nunc Pro Tunc

{¶3}    C.N. requests that we either remand the case to the juvenile court to issue a nunc pro tunc order to change the journal entry or we find that the juvenile court erred when it failed to merge C.N.'s offenses. We will address C.N.'s first assignment of error because it is dispositive of the case. We find that the journal entry does not reflect what actually occurred during the juvenile court sentencing hearing of C.N.

Because Ohio courts speak through their journal entries, it is essential for those journal entries to be an accurate and truthful reflection of the court's proceedings.

> *State ex rel. Worcester v. Donnellon*, 49 Ohio St.3d 117, 118, 551 N.E.2d 183 (1990). A court may correct a clerical mistake in a judgment entry to accurately reflect the case's proceedings at any time. Crim.R. 36; *In re F.M.*, 8th Dist. Cuyahoga No. 93255, 2009-Ohio-6317, ¶ 9. A "clerical mistake" is "a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment." *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19.

*In re J.T.*, 2017-Ohio-7723, 85 N.E.3d 763, ¶ 9 (8th Dist.).

**{¶4}** The state concedes that the journal entry does not reflect the juvenile court's decision.

> When clerical mistakes are raised on appeal, Ohio appellate courts may remand the issue to the trial court and direct that the court correct the misstatement through a nunc pro tunc entry. App.R. 9(E); *State v. Peacock*, 8th Dist. Cuyahoga No. 102567, 2015-Ohio-4697, ¶ 40; *see also In re F.M.* at ¶ 12 ("The state does not dispute the errors in the entries. Accordingly, we sustain the first assignment of error and remand the matter to the trial court to issue a nunc pro tunc entry correcting the April 6, 2009 journal entry to accurately reflect what occurred during the proceedings of this case."). "A nunc pro tunc order records acts done at a former time that were not then carried into the record. A nunc pro tunc order may be used to make the record reflect the truth, but not to reflect something that did not occur." *State v. Kelly*, 8th Dist. Cuyahoga No. 102413, 2015-Ohio-5272, ¶ 46, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659.

*Id*. at ¶ 10.

**{¶5}** Both C.N. and the state acknowledge the discrepancies and agree that the proper remedy is to remand the issue to the juvenile court for correction through a nunc pro tunc entry.

**{¶6}** Accordingly, we remand this matter to the juvenile court to correct its May 17, 2018 journal entry reflecting that C.N.'s counts of aggravated robbery and robbery merge with the kidnapping count. We further find that the nunc pro tunc entry shall reflect the proper punishment.

**{¶7}** Therefore, C.N.'s first assignment of error is sustained.

**{¶8}** Case affirmed and remanded.   Specifically, the juvenile court shall issue a nunc pro tunc entry to accurately reflect that it found C.N.'s counts for aggravated robbery and robbery to be merged as allied offenses with the kidnapping count.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

EILEEN A. GALLAGHER, P.J., and
SEAN C. GALLAGHER, J., CONCUR