[Cite as *State v. Rogers*, 2021-Ohio-2575.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-200236 |
| | | TRIAL NO. B-9906905 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| KEVIN ROGERS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Appeal Dismissed

Date of Judgment Entry on Appeal: July 28, 2021

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Mary Stier*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Kevin Rogers*, pro se.

**ZAYAS, Presiding Judge.**

{¶1} Defendant-appellant Kevin Rogers appeals the Hamilton County Common Pleas Court's judgment overruling his 2020 "Motion for Relief from Judgment." Because we lack jurisdiction to review that judgment, we dismiss the appeal.

{¶2} Rogers was convicted in 2000 of murder, felonious assault, and aggravated robbery. He unsuccessfully challenged his convictions on direct appeal and in postconviction motions filed with the common pleas court in 2o17, 2018, and 2020. *State v. Rogers*, 1st Dist. Hamilton No. C-000299, 2000 WL 1886627 (Dec. 29, 2000); *State v. Rogers*, 1st Dist. Hamilton No. C-170599 (Dec. 19, 2018); *State v. Rogers*, 1st Dist. Hamilton No. C-190051 (Mar. 31, 2020).

{¶3} In his 2020 "Motion for Relief from Judgment," Rogers sought relief from his convictions on the ground that he had been denied the effective assistance of counsel in his direct appeal. He asserted that his appellate counsel had failed to meet with him or to challenge on appeal the trial court's jurisdiction, the legality of his arrest, defects in his indictment, and trial counsel's ineffectiveness in investigating and presenting his defense at trial and in failing to pursue postconviction relief.

{¶4} In this appeal, Rogers presents three assignments of error that may fairly be read together to challenge the denial of that motion. We conclude that the common pleas court had no jurisdiction to entertain the motion, and that this court has no jurisdiction to entertain this appeal.

*No Common Pleas Court Jurisdiction*

{¶5} Rogers failed to designate in his motion a statute or rule under which the relief sought may be granted. This left the common pleas court to "recast" the motion "into whatever category necessary to identify and establish the criteria by

which the motion should be judged." *See State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12 and syllabus.

{¶6} R.C. 2953.21 et seq., governing the proceedings upon a petition for postconviction relief, permit a common pleas court to grant relief from a conviction based on a constitutional violation during the proceedings resulting in that conviction. *See* R.C. 2953.21(A)(1). Rogers's motion alleged a constitutional violation during the appeal from his convictions. The appropriate vehicle for such a claim is an appeal to the Ohio Supreme Court or an App.R. 26(B) application to this court to reopen the direct appeal. *See State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), paragraphs one and two of the syllabus. Therefore, the postconviction statutes did not confer upon the common pleas court jurisdiction to entertain Rogers's ineffective-appellate-counsel claim.

{¶7} Nor was Rogers's motion reviewable under Crim.R. 32.1 as a motion to withdraw a guilty or no-contest plea or under Crim.R. 33 as a motion for a new trial, because Rogers was convicted following a jury trial, not upon guilty or no-contest pleas, and the motion did not seek a new trial. The motion was not reviewable under R.C. Chapter 2731 as a petition for a writ of mandamus, under R.C. Chapter 2721 as a declaratory judgment action, or under R.C. Chapter 2725 as a petition for a writ of habeas corpus, because the motion did not satisfy those statutes' procedural requirements. *See* R.C. 2731.04, 2721.12(A), and 2725.04. And Crim.R. 57(B) did not require the common pleas court to entertain the motion under Civ.R. 60(B), because Rogers's convictions were reviewable, and had been reviewed, under the procedures provided for a direct appeal.

{¶8} Finally, the common pleas court could not have afforded Rogers relief from his convictions under its jurisdiction to correct a void judgment. *See State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19 (holding that a court always has jurisdiction to correct a void judgment). A

judgment of conviction is voidable, not void, if entered by a court having personal and subject-matter jurisdiction. *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 4. The trial court had personal jurisdiction by virtue of Rogers's appearance before the court under indictment on murder and felony charges. And the trial court acted within its subject-matter jurisdiction in convicting him of those offenses. Thus, appellate counsel's alleged ineffectiveness, even if demonstrated, would not have rendered Rogers's convictions void. *See id.* at ¶ 23-25.

*No Appeals Court Jurisdiction*

{¶9} Moreover, this court has no jurisdiction to review the common pleas court's judgment denying Rogers's "Motion for Relief from Judgment." Article IV, Section 3(B)(2) of the Ohio Constitution, confers upon an intermediate appellate court only "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district."

{¶10} Under R.C. 2953.02 and 2953.08, a court of appeals has jurisdiction to review a judgment of conviction entered in a criminal case. Rogers appeals here not from his judgment of conviction, but from the common pleas court's entry denying his postconviction motion for relief from his judgment of conviction.

{¶11} An appeals court also has jurisdiction under R.C. 2953.23(B) to review an order awarding or denying postconviction relief. But as we determined, the postconviction statutes did not confer upon the common pleas court jurisdiction to entertain Rogers's motion. Accordingly, the entry denying the relief sought in that motion was not appealable under R.C. 2953.23(B).

{¶12} An appeals court also has jurisdiction under R.C. 2505.03(A) to review and affirm, modify, or reverse a "final order, judgment or decree." A "final order" includes an order that "affects a substantial right" in "an action," when that order "in

4

effect determines the action and prevents a judgment," R.C. 2505.02(B)(1), or when that order is "made in a special proceeding," that is, in "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(B)(2) and (A)(2). A "final order" also includes an order that "grants or denies a provisional remedy," that is, a remedy in "a proceeding ancillary to an action," when that order "in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy," and when "[t]he appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." R.C. 2505.02(A)(3) and (B)(4).

{¶13} The judgment overruling Rogers's motion was not reviewable by this court under R.C. 2505.03(A) as a "final order." The entry was not "made" in any "special" statutory proceeding. *See* R.C. 2505.02(B)(2). Nor can the judgment be said to have effectively determined or prevented a judgment in any proceeding, when the motion was not filed in any action, or in any proceeding ancillary to an action, then pending before the common pleas court. *See* R.C. 2505.02(B)(1) and (B)(4)(a).

## *Appeal Dismissed*

{¶14} This court has no jurisdiction to review the common pleas court's judgment denying Rogers's "Motion for Relief from Judgment." Accordingly, we dismiss this appeal.

Appeal dismissed.

**CROUSE** and **HENDON, JJ.,** concur.

SYLVIA S. HENDON, retired, from the First Appellate District, sitting by assignment.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

5