OPINION
{¶ 1} Defendant, Candace J. Davis, was convicted following a jury trial of two counts of murder, R.C. 2903.02(B), and one count of tampering with evidence, R.C. 2921.12. The trial court merged the two murder convictions and imposed a sentence of fifteen years to life for the murder offense. The court *Page 2 
sentenced Defendant to three years imprisonment for the tampering with evidence offense, to be served consecutive to the fifteen years to life sentence for murder. We affirmed Defendant's convictions and sentences on direct appeal. State v. Davis, Montgomery App. No. 20709,2005-Ohio-5783.
 {¶ 2} The trial court resentenced Defendant on September 13, 2007, imposing the same terms of incarceration and also advising her that she will serve a mandatory five year period of post-release control for the murder offense and may be required to serve an additional three year period of post-release control for the tampering with evidence offense. The court had not included those notifications of post-release control in the sentences the court previously imposed.
 {¶ 3} Defendant filed a timely notice of appeal from the resentencing order of September 13, 2007. Defendant's appointed counsel filed a brief pursuant to Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396,18 L.Ed.2d 493, presenting one potential issue for review. Defendant then filed her own merit brief, pro se, assigning error in that same respect and in one other. The State filed a brief in response.
 {¶ 4} Defendant's pro se brief presents two issues for review, the first of which states: *Page 3 
 {¶ 5} "INEFFECTIVE ASSISTANCE OF COUNSEL BY JEREMIAH DENSLOW."
 {¶ 6} Defendant argues that her counsel in this appeal from her resentencing performed deficiently in several respects and as a result she was deprived of the effective assistance of counsel.
 {¶ 7} Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must affirmatively demonstrate to a reasonable probability that were it not for counsel's errors, the result of the trial would have been different.Id.; State v. Bradley (1989), 42 Ohio St.3d 136. This same two prong test applies when determining whether a defendant has been deprived of the effective assistance of appellate counsel. State v. Rojas (1992),64 Ohio St.3d 131, 141.
 {¶ 8} Defendant's complaints involve her present appellate counsel. Specifically, Defendant claims that her appellate counsel did not keep in contact with her, did not afford her the opportunity to have any input into her appeal, and stalled *Page 4 
the appellate proceedings by requesting two unnecessary continuances. Defendant contends "that it is a `sin and shame' the way counsel treated her and mishandled her case" (Brief, p. 2), but fails to explain how those alleged irregularities affected her substantial rights. Such matters, if they occurred, are harmless error. Crim. R. 52(A). Further, because the essential facts on which Defendant's claims rely are outside the record before us, we cannot determine whether her counsel was ineffective as a result. State v. Cooperrider (1983), 4 Ohio St.3d 226. With regard to Defendant's claim that the extensions her counsel requested were unnecessary, the fact that we granted the extensions pursuant to Loc. App. R. 2.22 demonstrates that we found "good cause" to grant them.
 {¶ 9} Defendant's first assignment of error is overruled.
 {¶ 10} Defendant's second assignment of error in her pro se brief is identical to the possible issue for appeal raised by appellate counsel in the Anders brief:
 {¶ 11} "THE TRIAL COURT ERRED IN AMENDING APPELLANT'S SENTENCE TO ADD A TERM OF POST-RELEASE CONTROL ON THE GROUNDS OF RES JUDICATA AND DOUBLE JEOPARDY."
 {¶ 12} In State v. Simpkins, 117 Ohio St3d 420, 2008-Ohio-1197, the Ohio Supreme Court held: *Page 5 
 {¶ 13} "In cases in which a defendant is convicted of, or pleads guilty to, an offense for which post-release control is required but not properly included in the sentence, the sentence is void, and the state is entitled to a new sentencing hearing to have post-release control imposed on the defendant unless defendant has completed his sentence."Id., Syllabus by the Court.
 {¶ 14} The trial court is required to notify a defendant at the time of the sentencing hearing of any post-release control requirements and must incorporate that notice into its journal entry. State v.Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085. Where a sentence fails to contain a statutorily mandated term, such as post-release control, it is unlawful and void, not merely voidable, and the proper remedy is to resentence the defendant. Simpkins, at ¶ 15, citing Jordan; State v.Beasley (1984), 14 Ohio St.3d 74. Res judicata does not bar resentencing because a trial court retains jurisdiction to correct a void sentence.Simpkins at ¶ 30. Moreover, the double jeopardy clause does not bar resentencing because there can be no legitimate expectation of finality in an unlawful, void sentence. Id. at ¶ 36-37.
 {¶ 15} Defendant had not completed her sentence at the time of the resentencing hearing on September 13, 2007. Therefore, *Page 6 
it was proper for the court to resentence her to advise her about post-release control requirements in her case. Simpkins.
 {¶ 16} Defendant's second assignment of error is overruled.
 {¶ 17} In addition to reviewing the issues raised in Defendant's pro se brief and in counsel's Ander's brief, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. Penson v. Ohio (1988), 488 U.S. 75,109 S.Ct. 346, 102 L.Ed.2d 300. Accordingly, Defendant's appeal is without merit and the judgment of the trial court will be affirmed.
WOLFF, P.J. And DONOVAN, J., concur.
Copies mailed to:
Kirsten A. Brandt, Esq.
Jeremiah Denslow
Candace J. Davis
 Hon. Mary Katherine Huffman *Page 1