[Cite as *State v. Chambers*, 2012-Ohio-726.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                    :

    Plaintiff-Appellee              :            C.A. CASE NO.    24447

v.                               :            T.C. NO.    04CR1853

ANTHONY CHAMBERS                 :            (Criminal appeal from
                                              Common Pleas Court)

    Defendant-Appellant         :

                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___24th___ day of ___February___, 2012.

. . . . . . . . . .

JOHNNA SHIA, Atty. Reg. No. 0067685, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

LORI R. CICERO, Atty. Reg. No. 0079508, 500 East Fifth Street, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

ANTHONY CHAMBERS, #495-282, Lebanon Correctional Institute, P. O. Box 56, Lebanon, Ohio 45036
    Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}   This matter is before the Court on the Notice of Appeal of defendant-appellant Anthony Michael Chambers, filed January 25, 2011, in case 2004 CR 1853.  Chambers was

convicted of the rape of a child under the age of thirteen, a felony of the first degree, in violation of R.C. _ 2907.02(A)(1)(b), and felonious assault, a felony of the second degree, in violation of R.C. _ 2903.11(A)(1). On April 6, 2005, Chambers was sentenced to life with the eligibility of parole for the offense of rape of a child under thirteen, and eight years for the offense of felonious assault, to be served consecutively to the life sentence. Subsequently, on March 3, 2006, this Court rendered an opinion affirming the judgment of the trial court. On January 10, 2011, pursuant to the Supreme Court's ruling in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, Chambers was re-sentenced due to an error in the imposition of post- release control which occurred at his initial sentencing on April 6, 2005. From this re-sentencing, Chambers appeals.

{¶ 2} Appointed counsel for Chambers filed an appellate brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that she has determined that there is no merit to Chambers' appeal. Chambers was notified of his counsel's representations and has filed a pro se brief. This matter is now before this Court for our independent review of the record. *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).

{¶ 3} Chambers' appellate counsel has submitted one possible issue for appeal as follows: "The trial court erred when it waited to re-sentence appellant until he had served virtually all of a ten year sentence when Crim.R. 32 requires that sentences shall be imposed without unnecessary delay."

{¶ 4} In order to properly re-sentence an offender whose sentence was imposed before July 11, 2006, and in which a trial court failed to properly impose post-release control, the de

novo sentencing procedures outlined in the decisions of the Supreme Court of Ohio should be followed. *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, at _ 26. "When a judge fails to impose statutorily mandated post-release control as part of a defendant's sentence, that *part* of the sentence is void and mut be set aside." *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at _ 26. Where a sentence is void because it does not contain a statutorily mandated term, the proper remedy is to re-sentence the defendant. *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, at _ 23, citing *State v. Beasley*, 14 Ohio St.3d 74, 471 N.E.2d 774 (1984). Accordingly, when post-release control is not properly included in the sentence for a particular offense, the new sentencing hearing afforded to the offender is limited to the proper imposition of post-release control. *Fischer* at paragraph two of the syllabus.

{¶ 5} The trial court acted within its authority and did not err in re-sentencing Chambers regarding the mandated post-release control, because the re-sentencing occurred before the expiration of his valid and journalized sentence. *See State Ex. Rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, at _ 32 (holding that the trial court was authorized to correct the sentence to include the statutorily mandated post-release control term, because the offender's sentence had not yet been completed when he was re-sentenced); *see also Hernandez v. Kelly*, 108 Ohio St.3d. 395, 2006-Ohio-126, 844 N.E.2d 301, at _ 32 (granting writ of habeas corpus to prisoner incarcerated for violation of post-release control, because the statutorily mandated post-release control term was not included at his initial sentencing, and his journalized sentence had expired).

{¶ 6} In addition to counsel's *Anders* brief, Chambers has filed a pro se brief. In his brief,

Chambers sets forth multiple assignments of error. First, Chambers asserts that the trial court erred in overruling Chambers' motion to suppress. Second, Chambers contends that the trial court erred in convicting Chambers of rape and felonious assault. Lastly, Chambers argues that the trial court erred when it re-sentenced him.

{¶ 7} As to the first two assignments of error, the doctrine of res judicata provides that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Township*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), paragraph one of the syllabus. Further, "the scope of an appeal from a re-sentencing hearing in which a mandatory post-release control is imposed is limited to issues arising at the re-sentencing hearing." *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph four of the syllabus. Accordingly, the scope of this Court's review is limited to issues arising out of Chambers' re-sentencing on January 10, 2011. Therefore, Chambers' first two assignments of error lack arguable merit.

{¶ 8} In his third assignment of error, Chambers contends that the trial court's re-sentencing was a violation of double jeopardy and his right to due process. As this Court has previously held, "the double jeopardy clause does not bar re-sentencing because there can be no legitimate expectation of finality in an unlawful, void sentence." *State v. Davis*, 2d Dist. Montgomery No. 22403, 2008-Ohio-6722, citing *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568. *Simpkins'* holding was subsequently limited in *Singleton* to sentences imposed prior to July 11, 2006, which is, in fact, the case here, as the original sentence was imposed on April 6, 2005. Thus, Chambers' contention that his re-sentencing violates the double jeopardy clause and his right to due process is without merit.

**{¶ 9}** Chambers finally contends that his entire sentence is void due to the error in the post-release control portion of his initial sentencing. However, in the event that a judge fails to impose the statutorily mandated post-release control during a defendant's sentence, only that part of the sentence is void. *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d. 332, at _ 26. Despite Chambers' contention to the contrary, the only portion of the sentence that was voided by the initial error in the imposition of post-release control was the post-release control sentence itself. Accordingly, Chambers' third assignment of error has no arguable merit.

**{¶ 10}** In addition to reviewing the possible issue for appeal raised by Chambers' appellate counsel, and those issues raised by Chambers himself, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. Accordingly, Chambers' appeal is without merit and the judgment of the trial court is affirmed.

. . . . . . . . . .

GRADY, P.J. and FAIN, J., concur.

Copies mailed to:

Johnna M. Shia
Lori R. Cicero
Anthony Chambers
Hon. Connie S. Price